BODAH, Appellant, vs. THE TOWN OF DEER CREEK, Respondent.

99    509
59 LRA 249n

*April 16 — May 3, 1898.*

*Highways, liability for defects: Pleading.*

1. A complaint in an action for damages claimed to have been caused by the unsafe condition of a highway, which merely describes such highway as a graded way, not to exceed nine and one-half feet wide on the surface, with an unfenced or unguarded ditch about two and one-half feet deep on each side, and alleges that, while

traveling on such highway with a loaded sleigh drawn by horses, the sleigh with its load slued into the ditch on one side, whereby it was overturned, causing the injuries complained of, does not state a cause of action, because it does not charge that the alleged defective condition of the road was the cause of the accident or had anything to do with it.

2. *It seems* that an ordinary turnpike road, constructed as they generally are through low lands, which is nine and one-half feet wide at the surface and slopes at each side to a ditch whose bottom is two and one-half feet below such surface, comes up to the standard of reasonable safety, which is the limit of the duty the public owes to a traveler.

APPEAL from a judgment of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

Action to recover damages alleged to have been caused to plaintiff by the unsafe condition of a public highway in the defendant town. Defendant's counsel objected to any evidence under the complaint upon the ground that it does not state facts sufficient to constitute a cause of action. The objection was sustained, and, no request being made for leave to amend, judgment was entered dismissing the action, and for costs in defendant's favor. Plaintiff appealed from such judgment.

*F. C. Weed,* for the appellant, argued that a highway graded up so as to be only nine and one-half feet wide on top, with an unguarded ditch on each side, was not, as a matter of law, a legal highway, but a jury might properly find it defective. *Carville v. Westford,* 163 Mass. 544; *Simons v. Casco,* 105 Mich. 588; *Prideaux v. Mineral Point,* 43 Wis. 513; *Seymer v. Lake,* 66 id. 651; *Sharp v. Evergreen,* 67 Mich. 443; *Hein v. Fairchild,* 87 Wis. 258.

*John Bottensek,* for the respondent.

MARSHALL, J. The alleged defective highway was described as a graded way about forty rods long, not to exceed nine and one-half feet wide on the surface, with a ditch or gully about two and one-half feet deep on each side, and no

Bodah vs. The Town of Deer Creek.

guard or railing to prevent vehicles, wagons, or sleighs from leaving the surface and sliding into one of the side ditches. The allegation as to the occasion of the injury is, in substance, that as plaintiff was traveling on the highway with a team of horses and sleigh loaded with logs, on which he was standing, the sleigh, with its load, slued into the ditch on the south side of the road, whereby it was overturned, causing the injuries complained of. There is no allegation that the alleged defective character of the road was the cause of the accident, or had any connection therewith.

From the description of the highway, no other reasonable inference can be drawn than that it was an ordinary turnpike road, constructed, as they generally are, through low and flat lands in country districts. The reasonable inference is that the surface of the road, nine and one-half feet wide, sloped on each side to the bottom of a gully about two and one-half feet below such surface. That such an ordinary turnpike comes up to the standard of reasonable safety, which is the limit of duty due to travelers from the public corporation, will hardly admit of serious controversy. Moreover, there being no claim in the complaint that the alleged defective condition of the road caused the sleigh to slide into the ditch, clearly no cause of action is stated. As this court has often been called upon to say, mere breach of a duty which one person owes to another respecting his personal safety, and an injury to such other, do not constitute actionable negligence; there is still needed the element that the breach of duty, in a line of responsible causation, was the cause which produced the injury; and the facts in that regard must be alleged in the complaint, established by evidence, and found by the jury, else there can be no recovery.

It follows that the ruling of the trial court, sustaining the objection to any evidence under the complaint, was right, and the judgment appealed from must be affirmed.

*By the Court.*— Judgment affirmed.