BELL, Respondent, vs. TOWN OF LESSOR, Appellant.

*October 8—October 25, 1910.*

*Highways: Defects: Injury to traveler: Proximate cause: Notice of defects: Pleading: Evidence: Special verdict: Form of question: Harmless error.*

1. In an action against a town for personal injuries sustained on a highway, a complaint alleging that a large gully or hole had been formed in the traveled track next to the edge of a culvert and that about a rod beyond the culvert was another hole about two feet deep in the traveled track; that the front wheels of the carriage in which plaintiff was riding ran into the first hole and struck the edge of the culvert, breaking the carriage box and a clip bolt which fastened one side of the tongue to the axle; and that immediately thereafter one wheel ran into the other hole, the tongue fell, the wheel struck the horses, and plaintiff was thrown out and injured, is *held* to show that the defects in the highway caused the injury.

2. Contributory negligence on the part of the driver being negatived
   by the jury, testimony tending to show that the accident hap-
   pened substantially as alleged warranted a finding that the in-
   sufficiency of the highway was the proximate cause of the in-
   jury.

3. Testimony of the town chairman that he was familiar with the
   place, having examined it about two days before the accident
   because he had been called upon to do so at that time, was suf-
   ficient to sustain a finding that the town had actual notice of
   the defects.

4. Error, if any, in submitting to the jury through inadvertence
   the question whether insufficiency of the highway was *a* proxi-
   mate cause of plaintiff's injury, is not ground for reversal, where
   the full and accurate charge to the jury—telling them, among
   other things, that before they could answer the question in the
   affirmative they must find that the defects were *the* proximate
   cause of the injury—conclusively shows that they were not mis-
   led by the form of the question.

APPEAL from a judgment of the circuit court for Oconto
county: S. D. HASTINGS, Circuit Judge. *Affirmed.*

Action to recover damages for personal injuries sustained
by reason of the insufficiency of a public highway in the de-
fendant town. The jury found (1) that there was an insuf-
ficiency or want of repair of the highway at the time and
place in question; (2) that such insufficiency or want of re-
pair was a proximate cause of plaintiff's injuries; (3) that
the officers of the town knew of such insufficiency or want of
repair a sufficient length of time before the injury to have
enabled them by the exercise of ordinary care to have repaired
it; (4) that no want of ordinary care on the part of the driver
with whom plaintiff was riding contributed proximately to
produce her injury; and (5) assessed her damages at $560.
From a judgment in favor of plaintiff entered upon the spe-
cial verdict the defendant appeals.

*P. J. Winter,* for the appellant.

*Orlando E. Clark,* for the respondent.

VINJE, J.  1. It is claimed by the defendant that the com-
plaint fails to state a cause of action because it does not charge

that the alleged defective condition of the road was the cause of the accident or had anything to do with it, and the case of *Bodah v. Deer Creek,* 99 Wis. 509, 75 N. W. 75, is relied upon to support the claim. The complaint alleges in effect that a large gully or hole had been formed in the traveled path of the highway next to the north edge thereof, which gully or hole had been cut by the action of the water and lack of proper drainage, and was several inches below the north edge of a culvert therein; also that about one rod south of said culvert there was another hole in the traveled part of said highway about two feet in depth so that persons traveling on said road were liable to run the vehicles into said gullies. It then alleges that on the day in question

"the plaintiff was traveling in said highway riding in a carriage drawn by two horses . . . and while traveling over the traveled track of said highway where said gullies or holes were, the front wheels of said carriage ran into the hole or gully at the north edge of said culvert and struck the edge of the culvert so that the shock broke the front of the carriage box and also broke one of the clip bolts that fastened one side of the tongue to the axle, and immediately thereafter the right front wheel of the carriage ran into the deep narrow hole or gully situated as aforesaid about a rod south of said culvert, the tongue fell and the wheel struck the horses, and plaintiff was thrown out of the carriage violently," and sustained the injuries complained of.

In the *Bodah Case* the description of the highway in the complaint was held to be the description of an ordinary turnpike road, constructed as they generally are through low and flat lands in country districts, and there was no allegation that any defective condition of the road caused the injury. Hence the complaint stated no cause of action. In the case at bar serious defects in the traveled part of the highway are alleged and described; and then facts are stated from which it clearly appears that such defects caused the injury. The complaint states a cause of action.

2. It is next claimed that there was no competent evidence

from which the jury could find that the defects in the highway were the proximate cause of the injury. The only testimony on the subject is that of the plaintiff and Dr. Lenfesty, with whom she was riding. The latter testified that when they struck the culvert, though not going at a rapid pace, they received such a jar that the dashboard of the buggy broke; that he saw a short distance ahead a hole or puddle in the traveled part of the road, which he tried to avoid, but one of the ponies stepped to the right of the hole, and the right front wheel of the buggy dropped into it to the hub. The ponies pulled it out, and when they were the length of the buggy beyond the hole the right-hand side of the tongue dropped—that is, from its fastening to the axle. The ponies then became unmanageable and the buggy was overturned and plaintiff injured. There is no evidence to contradict this testimony. The jury, having negatived the fact that the driver was guilty of any want of ordinary care that contributed to produce the injury, were certainly warranted in drawing the inference that plaintiff's injury was the legitimate sequence of the thing amiss, namely, the defects in the highway. When, in addition thereto, damage is established, as it was in this case, that is all that is necessary. Cooley, Torts (2d ed.) 73.

3. Error is assigned on the ground that there was no evidence in the case to sustain the finding that the town had actual notice of the defects. The chairman of the town testified that he was familiar with the highway at the place where these defects were alleged to exist; that two days before the accident he had traveled over it and had then paid particular attention to the condition of the culvert and to the hole or gully in the road south thereof. He described the rut or gully as he found it, and gave as his reason for being able to testify so minutely about it that he was called upon to examine the road at that time. This is sufficient evidence to sustain the finding.

4. The third question submitted to the jury was as fol-

lows: "Was said insufficiency or want of repair a proximate cause of the plaintiff's injury?" It is claimed that this question was misleading and highly prejudicial to defendant and very likely to mislead the jury, because there is a vast difference between *a* proximate cause and *the* proximate cause, and an injury may be the result of more than one proximate cause; that in this case the jury were asked to find only whether or not the insufficiency in the highway was one of several proximate causes, not whether it was *the* proximate cause. It will not become necessary to pass upon the objections raised to the form of the question, which was undoubtedly the result of mere inadvertence, for the charge of the court to the jury shows conclusively that they were not misled. They were told that they must find the defects in the highway to be *the* proximate cause of the injury before they could answer the question in the affirmative. The phrase *"the* proximate cause" was used three times in the charge, and the phrase *"a* proximate cause" was not used at all. The instructions on the subject were full and accurate, and we are satisfied that no prejudicial error resulted from the form of the question. We find no error in the record.

*By the Court.*—Judgment affirmed.