The City of Elkhart *v.* Witman.

There is no error in the ruling of the court in sustaining a demurrer to the answer.

Judgment affirmed, with costs.

Filed March 14, 1890.

No. 13,818.

THE CITY OF ELKHART *v.* WITMAN.

PLEADING.—*Complaint.*—*Lack of Contributory Negligence.*—*Sufficiency of Averment.*—The direct averment in a complaint that the plaintiff was injured without fault or negligence on her part, is sufficient to show that she was not guilty of contributory negligence.

SAME.—*Complaint.*—*Averment as to Lack of Contributory Negligence.*—*When will be Sustained.*—Where a complaint alleges that the injury occurred without the fault of the plaintiff, it will be sustained, unless it clearly appears from the facts specifically stated that there was negligence on the plaintiff's part which contributed to the injury.

NEGLIGENCE.—*Knowledge of Defect.*—*Evidence of Contributory Negligence.*—Knowledge of a defect is evidence of an important character, tending to show contributory negligence, but it does not of itself establish the fact.

PRACTICE.—*Complaint.*—*Motion to Make More Specific.*—*Bill of Exceptions.*—*Absence of.*—*Appeal*—Where there is no bill of exceptions containing a motion to make the complaint more specific, and the paper denominated a "motion" does not indicate in what particular the defendant desired the complaint to be made more definite, no question is presented thereby to this court.

WITNESS.—*Impeachment of.*—*Collateral Matter.*—*Champertous Agreement.*—A witness can not be impeached upon a purely collateral matter. If a champertous agreement existed between the plaintiff and her attorneys, such an agreement under the issues formed was wholly collateral, and evidence of it incompetent because of its irrelevancy.

SAME.—*Leading Question.*—*Discretion of Court as to.*—*Questions Asked of Witnesses.*—*Propriety of.*—It is very seldom, if, indeed, ever, that a judgment is reversed because the court permitted a leading question to be asked.

There was no abuse of discretion in allowing the plaintiff's counsel to ask the surgeon this question : " You may state if you applied the remedies." It was proper, too, to permit a witness to state (the action being for personal injuries sustained by reason of a defective sidewalk) : " There, were defects in the sidewalk ; one of the planks was rotted off at one end, so that if a person stepped on it it would tilt down." It was also proper to ask a witness if he had not stated to A. that he had requested B., in front of whose house was the alleged defective sidewalk, to repair the walk, and to show by A. what he had in fact said.

From the Elkhart Circuit Court.

*P. L. Turner, O. T. Chamberlain, J. H. Baker* and *J. H. Defrees,* for appellant.

*H. C. Dodge,* for appellee.

ELLIOTT, J.—The complaint of the appellee alleges that a sidewalk in the city of Elkhart was negligently suffered to become unsafe; that it had been unsafe for more than six months; that it was necessary for the appellee to use it in going to and from her work ; that in November, 1885. the appellee was walking on the sidewalk after dark, and no lamps were lighted; that while she was carefully walking thereon a portion of it gave way, and she was violently thrown to the ground, without any fault or negligence on her part, and injured.

It is asserted by counsel that the complaint is bad because it does not show that the plaintiff was not guilty of contributory negligence, but in our opinion counsel are clearly in error. The direct averment is made that she was injured without fault or negligence on her part, and this, as has been many times decided, is sufficient to show that she was not guilty of contributory negligence. *Ohio, etc., R. W. Co.* v. *Walker,* 113 Ind. 196, and cases cited ; *Pennsylvania Co.* v. *O'Shaughnessy, post,* p. 588.

Where the complaint alleges that the injury occurred without the fault of the plaintiff it will be sustained, unless it clearly appears, from the facts specifically stated, that there was negligence on his part which contributed to the injury.

*Evansville, etc., R. R. Co.* v. *Crist,* 116 Ind. 446. There are no facts from which it can be inferred, in the face of the direct averment, that there was no fault on the part of the plaintiff, that she was guilty of contributory negligence. It does not appear that she knew of the unsafe condition of the sidewalk, but if she did, it would not be conclusive against her; for, although knowledge of a defect is evidence of an important character tending to show contributory negligence, it does not, of itself, establish that fact. *City of Richmond* v. *Mulholland,* 116 Ind. 173; *Evansville, etc., R. R. Co.* v. *Crist, supra; Lake Shore, etc., R. W. Co.* v. *Pinchin,* 112 Ind. 592; *Louisville, etc., R. W. Co.* v. *Phillips,* 112 Ind. 59; *Town of Gosport* v. *Evans,* 112 Ind. 133; *City of Huntington* v. *Breen,* 77 Ind. 29; *Murphy* v. *City of Indianapolis,* 83 Ind. 76; *Toledo, etc., R. W. Co.* v. *Brannagan,* 75 Ind. 490.

There is no bill of exceptions containing a motion to make the complaint more specific, nor does the paper, denominated a motion, indicate in what particulars the defendant desired the complaint to be made more definite; and, in this condition of the record, we can not consider any question asserted to be presented by the alleged motion. *Manhattan L. Ins. Co.* v. *Doll,* 80 Ind. 113.

It is very seldom, if, indeed, ever, that a judgment is reversed because the court permitted a leading question to be asked; and there was here no abuse of discretion in allowing the plaintiff's counsel to ask the surgeon this question : "You may state if you applied the remedies."

It was entirely proper to permit the witness White to state that "there were defects in the sidewalk; one of the planks was rotted off at one end, so that if a person stepped on it it would tilt down."

There was no answer presenting any issue as to a champertous agreement with the plaintiff's attorney, and even if such evidence would have been competent in any case it certainly was not in this, because it was irrelevant.

A witness can not be impeached upon a purely collateral matter ; and an agreement with an attorney was purely collateral to the issue joined.

It was proper to allow the plaintiff's counsel to ask the witness Foltz whether he did not tell Mr. Goblosky that he asked Mr. Chapman to repair the walk ; and to ask the witness, also, what he said. So, too, it was competent to show by Goblosky what he did say, since it tended to contradict what he testified to while on the witness stand.

We can not disturb the verdict on the evidence.

Judgment affirmed.

Filed Feb. 7, 1890; petition for a rehearing overruled March 15, 1890.