[Civ. No. 247.   Second Appellate District.—July 5, 1906.]

## ALICE C. McGEHEE, Respondent, v. A. F. SCHIFFMAN, Appellant.

NEGLIGENCE—PLEADING—ULTIMATE FACT—SPECIFICATION.—In a complaint to recover damages for alleged negligence of the defendant, the negligence itself is the ultimate fact to be pleaded, specifying, however, the particular act which is alleged to have been negligently done.

ID.—CARELESSNESS OF DENTIST—DROPPING TOOTH INTO LUNG—SUFFICIENCY OF COMPLAINT.—A complaint to recover damages for alleged negligence of a dentist, which avers that defendant extracted plaintiff's teeth, and removed them excepting one, which, by defendant's carelessness, negligence and unskillfulness, was permitted and allowed by him to drop and pass into plaintiff's right lung, without any fault or negligence on her part, to her injury, states a cause of action, and is not ambiguous or uncertain.

ID.—SUFFICIENCY OF EVIDENCE—SUPPORT OF FINDINGS.—*Held,* upon a review of the evidence, that there was competent evidence tending to establish the averments of the complaint, not only as to the negli-

gence, but also as to the proximate cause of the injury, that no in-
tervening act of the plaintiff was established, which contributed to
said injury, and that the findings of the court for the plaintiff were
sufficiently supported.

APPEAL from a judgment of the Superior Court of Los
Angeles County, and from an order denying a new trial.
D. K. Trask, Judge.

The facts are stated in the opinion of the court.

A. B. McCutchen, for Appellant.

A demurrer only admits facts well pleaded. (*Spring Val-
ley Water Works* v. *San Francisco,* 82 Cal. 319, 16 Am. St.
Rep. 116, 22 Pac. 910-1046, 6 L. R. A. 756.)   The special de-
murrer for uncertainty takes the place of a motion to make
the pleading more certain, and requires certainty in plead-
ing of specific facts. (*McFarland* v. *Holcomb,* 123 Cal. 84,
55 Pac. 761; *Young* v. *Lynd,* 66 Wis. 514, 29 N. W. 224;
*Spires* v *South Bound R. Co.,* 47 S. C. 28, 24 S. E. 992;
*Gulf W. T. & P. R. Co.* v. *Montier,* 61 Tex. 122; *Mangum* v.
*Bullion etc. Mining Co.,* 15 Utah, 534, 50 Pac. 834; *Peerless
Stone Co.* v. *Wray,* 143 Ind. 574, 42 N. E. 927; *Eaton* v
*Fitchburg R. Co.,* 129 Mass. 364; *Manning* v. *App. Cons Gold
Mining Co.* (Cal. Sup.), 84 Pac. 657; *Silviera* v. *Iverson,*
128 Cal. 187, 60 Pac. 687.)   No negligence is shown under
the evidence, and no proof appears that the tooth found in
the lung was a tooth extracted by defendant.   The burden
of proof was on plaintiff to establish every fact necessary
to recovery. (*Means* v. *Southern Cal. Ry. Co.,* 144 Cal 473,
77 Pac. 1001; *Monterey County* v. *Cushing,* 83 Cal. 507-510,
23 Pac. 700; *Mernin* v. *Corey,* 145 Cal. 573, 79 Pac. 174;
*Shaw* v. *Crocker,* 42 Cal. 438, *James* v. *London & S. F. Bank,*
92 Cal. 14, 27 Am. St. Rep 82, 27 Pac 1100; *Pettigrew* v.
*Lewis,* 46 Kan. 458, 26 Pac. 458; *State* v *Housekeeper,* 70
Md. 171, 14 Am. St. Rep 340, 16 Atl. 382.)   A dentist or
physician is only bound to the ordinary care and skill pos-
sessed and exercised by the ordinary member of his profession.
(*Mernin* v. *Cory,* 145 Cal. 573, 79 Pac. 174; *Leighton* v.
*Sargent,* 27 N. H. 460, 59 Am. Dec. 388; *Pike* v. *Horsinger,*
155 N. Y. 201, 63 Am. Rep. 660, 48 N. E. 760; *Smothers*
v. *Hank,* 34 Iowa, 286, 11 Am. Rep. 141; *Howard* v. *Grover,*

28 Me. 98, 48 Am. Dec. 418; *Small* v. *Howard,* 128 Mass. 131, 35 Am. Rep. 363; *Ramsdell* v. *Grady,* 97 Me. 319, 57 Atl. 763.)

E. Edgar Galbreth, for Respondent.

A judgment cannot be reversed for overruling a demurrer for uncertainty, which could not mislead defendant to his injury. (*Schaake* v. *Eagle Automatic Can Co.,* 135 Cal. 485, 63 Pac. 1025, 67 Pac. 759; *Williams* v. *Casebeer,* 126 Cal. 77, 58 Pac. 380; *Stephenson* v. *Deuel,* 125 Cal. 656, 58 Pac. 258; *Hanley Bros.* v. *Brownstone,* 123 Cal. 647, 56 Pac. 468; *Alexander* v. *Central L. & M. Co.,* 104 Cal. 536, 537, 38 Pac. 410; Code Civ. Proc., sec. 478.) The evidence sustains the findings.

ALLEN, J.—Action to recover damages on account of injuries sustained through negligence. Judgment for plaintiff; new trial denied, and defendant appeals from such judgment on the roll, and from an order denying a new trial.

The first contention of appellant is that the complaint—which alleges that "the defendant did then and there extract seven of said teeth and remove all of the same from her mouth excepting one of said teeth, which by said defendant's carelessness, negligence and unskillfulness was permitted and allowed by him to drop and pass into plaintiff's right lung, without any fault or negligence on her part"—was insufficient in that the negligence averred was not the proximate cause, for the reason that it is manifest that plaintiff, having control over her own muscles and breathing apparatus, the tooth by any negligence or omission of defendant could only have been allowed to escape into the mouth, and that it should reach the lung comprehended action on plaintiff's part which would be the proximate cause of the injury; that if there was an unbroken sequence of events through which the injury was chargeable to defendant those continuous events should have been pleaded; that the complaint was uncertain in that it cannot be ascertained "how or in what manner any carelessness on the part of the defendant occasioned the injury, nor how the defendant by any act or omission of his could permit or allow the plaintiff's tooth to drop or pass into her right lung." It is sufficient to al-

lege the negligence in general terms, specifying, however, the particular act which is alleged to have been negligently done. "Negligence is the ultimate fact to be pleaded, and it forms part of the act from which an injury arises. . . . It is the absence of care in the performance of an act, and is not merely the result of such absence, but the absence itself." (*Stephenson* v. *Southern Pac. Co.,* 102 Cal. 148, [34 Pac. 618, 36 Pac. 407].) When we consider that the demurrer admits that through want of care defendant allowed the tooth to drop into the lung, whereby the injury followed, it removes from consideration the possibility of any intervening facts or circumstances being the proximate cause of the injury. "It is sufficient to say it was negligently done, without stating the particular omission which rendered the act negligent. But it must appear from the facts averred that the negligence caused or contributed to the injury." (*Smith* v. *Buttner,* 90 Cal. 100, [27 Pac. 29].) In the complaint under consideration it is averred that he dropped the tooth into the lung, the fact which caused the injury. The dropping of such tooth is admitted to have been occasioned through want of care. Nor can a court say, as a matter of common knowledge, that the fact admitted was impossible without some other agency acting upon it. We regard the complaint as sufficient, and in no sense as ambiguous or uncertain.

Upon the appeal from the order it is contended that there is no evidence in support of the finding of the court that defendant was negligent, or that such negligence caused the injury. There was evidence tending to show that defendant undertook for a consideration to extract certain teeth; that preliminary thereto he administered an anesthetic, from which plaintiff was rendered entirely unconscious, and that four teeth were extracted; that thereupon plaintiff was placed a second time under the influence of the anesthetic and defendant undertook the extraction of three other teeth; that when plaintiff regained consciousness she was strangling and coughing as though she were choking and she felt as if some foreign substance had gone through her windpipe; that she continued this coughing and became sick; that an abscess formed in the lower lobe of the lung and quantities of yellow pus were expectorated; that her condition was such as might be expected to result from a foreign substance in the lung; that

afterward, during a fit of coughing, she expelled from her lungs a tooth. It appears further that plaintiff was in perfect health before she entered defendant's office to have such teeth extracted; that from that day she began to be sick and thereafter was continuously under the care of a physician; that after the tooth was expelled, though in a weak condition, she began to improve. It was further in evidence that by the use of ordinary care the extractor could keep the mouth of the patient clear of blood and in case a tooth should escape from the forceps, as is frequently the case, he is able to remove it; that constant care is necessary to be exercised that teeth may not escape into the trachea; that a skilled operator keeps track of the teeth as extracted and knows when he has taken them all from the mouth, and examines the teeth actually extracted to see that no fragments are left in the mouth; that in the exercise of ordinary care the operator could discover whether any of the teeth or any fragments thereof had not been removed from the mouth. It further appears that a tooth slipping from the forceps may pass into the lungs; that the use of nitrous oxide as an anesthetic would increase the possibility of a tooth escaping from the mouth into the windpipe. There is no evidence in the record that defendant took any of the precautions before mentioned, or made any observations to see whether or not he had completed his task. In addition to all this, there was evidence tending to show that ordinarily a patient regaining consciousness will not cough; that if coughing and strangling ensues after consciousness is regained, it is recognized as an evidence of the fact that a foreign substance has escaped, and that unusual and great precautions are thereupon taken by the operator to cause its immediate removal; that notwithstanding plaintiff's coughing and giving every evidence of having some foreign substance in her windpipe, no attention was paid to her by the defendant and no effort made to ascertain the cause of her unusual condition. There was, therefore, competent evidence tending to establish the averments of the complaint, not only as to the negligence, but as to the proximate cause of the injury. Nor can we say that there was established any intervening act of plaintiff, voluntary or otherwise, which contributed to such injury. We think, therefore, that there is evidence in the record sustain-

ing the findings of the court that defendant carelessly and negligently permitted and allowed a tooth to drop and pass into and down plaintiff's windpipe and thence into plaintiff's right lung, without fault upon her part, by reason of which plaintiff was damaged.

There is no prejudicial error apparent in the record, and the judgment and order are affirmed.

Smith, J., and Gray, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on August 3, 1906, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 30, 1906.