## SOULE v. WEATHERBY et al.

No. 2214.   Decided September 21, 1911.   Rehearing Denied November
11, 1911 (118 Pac. 833).

1. ACTION—RIGHT OF ACTION.   To state a good cause of action,
there must be shown a primary legal right in plaintiff, a cor-
responding duty upon defendant, and a breach of such duty.
(Page 582.)

2. NEGLIGENCE—PROXIMATE CAUSE.   The alleged negligent act or
omission must be shown to have been the direct or proximate
cause of the injury.   (Page 583.)

3. CONTRACTS—ACTIONS—SUFFICIENCY OF COMPLAINT.   The com-
plaint in a contract action need only show the making of the
contract, the obligation assumed thereby, and its breach.   (Page
583.)

4. MUNICIPAL CORPORATIONS—STREETS—OBSTRUCTIONS—EXCAVATIONS
—FAILURE TO GUARD.   To state a cause of action for injuries by
falling into an unguarded excavation in a sidewalk, the com-
plaint must affirmatively show that the excavation makes the
sidewalk dangerous, that signals or guards, or both, were re-
quired to warn the public, and that the absence of such signals
or guards proximately caused the injury.   (Page 583.)

5. NEGLIGENCE—PRESUMPTIONS.   Negligence   is   never   presumed.
(Page 584.)

6. NEGLIGENCE—PROXIMATE CAUSE—ALLEGATIONS OF COMPLAINT.
The complaint need not allege in terms that the negligence relied
on was the proximate cause of the injury; it being only neces-
sary that it show from the facts alleged that such negligence
caused such injuries.   (Page 584.)

7. NEGLIGENCE—PLEADING—CAUSE OF INJURY.   It is sufficient in an
action for personal injuries by falling into an excavation if facts
are alleged from which it may be clearly inferred that the place
was dangerous, and that guards were necessary and that the
failure to have them caused the injury; it not being essential
that such facts be directly alleged.   (Page 585.)

8. MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALKS—PLEADING—
CAUSE OF INJURY.   The complaint alleged that defendants were
engaged in constructing an areaway beneath the sidewalk, and
had excavated the space entirely across the sidewalk, and care-
lessly and negligently failed to erect any guards to prevent per-
sons from falling into the way, and negligently and carelessly
failed to place any warnings of the existence of the excavation,

and that plaintiff while walking along the sidewalk, failing to observe the excavation because his attention was otherwise attracted, and he was looking in another direction, and not knowing or having reason to know of the existence of the excavation, fell into it and was injured without his fault or negligence. *Held*, that the complaint did not sufficiently allege as against general demurrer that the failure to erect warnings or guards was the proximate cause of plaintiff's falling into the excavation.   (Page 587.)

9. Pleading—Construction—Inferences.  Since an inference from the facts alleged in a pleading takes the place of a positive allegation, it must naturally and necessarily arise out of some fact positively alleged therein.    (Page 587.)

10. Municipal Corporations—Defects in Street—Allegations of Complaint—Contributory Negligence.  The complaint is not objectionable as showing that plaintiff was guilty of contributory negligence.  (Page 588.)

McCARTY, J. (dissenting).

Appeal from District Court, Second District; *Hon. J. A. Howell*, Judge.

Action by Emory W. Soule against Albert E. Weatherby and others.

Judgment dismissing action upon demurrer to the complaint. Plaintiff appeals.

Affirmed.

*Halverson & Pratt* for appellant.

*Valentine Gideon, Agee & McCracken* and *J. G. Heywood* for respondents.

FRICK, C. J.

This is an appeal from a judgment dismissing the action entered after a general demurrer to the complaint had been sustained, and after appellant had elected to stand on his complaint.

The material allegations of the complaint are that on the 26th day of June, 1909, the respondent Weatherby was the

owner and in possession of certain real property and a building thereon on Washington Avenue, which is one of the principal business streets of Ogden City, Utah; that said building fronted on said street twenty feet and extended back into the block 132 feet; that on the day aforesaid all the respondents "were engaged in the construction of a certain areaway beneath said sidewalk in front of said building, which areaway was intended as a part and parcel of the cellar beneath said building, and, for such purpose, the said defendants had opened in said sidewalk by removing the surface thereof an areaway of the width of said building and of the depth of about eight feet, and extending across the entire width of the sidewalk; that at the time of the injury hereinafter complained of the said defendants had carelessly and negligently failed to erect proper, or any, guards or means to prevent persons passing along said sidewalk from falling into said areaway, and had negligently and carelessly failed and omitted to place any signs or warnings whatever, of the existence of said excavation, or areaway; that on or about the 26th day of June, 1909, the plaintiff, while walking along and over said sidewalk on said Washington avenue, failing to observe said excavation by reason of the fact that his attention was otherwise attracted and engaged as he was then looking in another direction, and not knowing or having reason to know of the existence of said areaway or excavation, fell into and to the bottom of said areaway or excavation in said sidewalk without his fault or negligence." The only other allegations of the complaint relate to the injuries and consequent damages which it is alleged plaintiff sustained by reason of the fall.

Does the complaint state a cause of action? It is fundamental that, in order to state a good cause of action in any kind of a case, it must be made to appear from the face of the complaint, either by direct allegation or by necessary or unavoidable inference from the facts stated, that there is a primary legal right in the plaintiff, a primary legal duty connected with such right resting on the defendant, and a breach of such duty. When these allegations are supplemented by a statement of the amount claimed

and a prayer for judgment, which are formal matters merely, a complete cause as well as right of action is stated upon which the plaintiff is entitled to relief in accordance with the rules of practice and the substantive law relating to the subject-matter.

When the action is in tort, and especially if it is grounded upon negligence, it must also be made to appear from the complaint that the act or omission which constitutes the alleged negligence was the direct, that is, the proximate cause of the injury or damage in question.

If a complaint is based upon contract, all that is necessary to state is the making of the contract, the obligation thereby assumed, and the breach. The contract in such a case contains the primary right of the plaintiff. In the obligation assumed by the defendant is found his duty, and his failure to comply with the duty constitutes the breach. When these statements are supplemented with a statement of the amount claimed and a prayer for judgment, the complaint is complete.

In an action for negligence arising from an excavation or defect in a street which makes the street dangerous or unsafe for travel by those who have a lawful right of passage, it is not enough to state merely that an excavation of certain dimensions has been made in a public highway, that in making it the person negligently failed to place any signs or guards at or near the excavation, and that the plaintiff in passing along the street at the place in question fell into the excavation and was injured, and by means of the injury suffered damages. In such a case the wrong or negligence does not consist in the making of the excavation. It is lawful to make excavations in improving property even in thickly populated cities, and the mere fact that an excavation is made in a portion of a street constitutes ordinarily no wrong, nor is it necessarily negligence. The wrong, if there be any, consists in interfering with a public street, which is a passageway for all, to such an extent as to make travel along the place in question unsafe and dangerous. One may, however, under certain conditions, make a portion of the street

unsafe if it is done for a lawful purpose, and especially if done to improve one's property. Where such is the case, however, the party creating the unsafe condition in the street is by law required to place signs or signals so as to warn the public of the danger, and under certain circumstances to supplement such signs and signals with guards or barriers to prevent injury to those who lawfully, and, in the exercise of ordinary care for their own safety, make use of the street either by day or night. Negligence in such case, therefore, consists in the failure to either place signs or signals to warn the public of their danger, or in not putting up guards or barriers to prevent accidents where the conditions are such as to require them. From this it follows that one who seeks to recover for a personal injury which he alleges was caused by reason of the negligent omission to place signs or signals or to put up guards or barriers must allege and prove that the street was unsafe and dangerous without signs or signals or without guards or barriers. This is so because it is the dangerous condition which requires the person causing it to act, and it is his failure to act when he ought to act which constitutes the negligence.

It is an axiom of the law that negligence is never presumed, and hence, in an action like the one at bar, it must be affirmatively made to appear: (1) that the interference with a street makes it dangerous or unsafe for passage; (2) that signs or signals were required to warn the public, and, if these are not sufficient, to allege that guards or barriers were necessary; and (3) that it was the lack of signs or signals or the failure to place guards or barriers which was the proximate cause of the injury and damages complained of.

By the statement that it was the proximate cause we do not mean that it must be alleged in that specific form. What we do mean is that it must be made to appear that the negligence did cause the injuries complained of. Under certain circumstances, it may constitute negligence, even gross negligence, not to place signs or signals or not to put up guards or barriers, but, unless the negligence is the proximate cause of the injury complained of, there is no right

of action for such negligence in the one complaining. Mere negligence, however gross, gives no right of action.

We do not wish to be understood as holding that all the essential facts to which we have referred must necessarily be alleged in direct and positive terms. If sufficient facts are alleged from which the inferences that the place was dangerous, that signals or guards were necessary, and that the negligence was the proximate cause of the injury necessarily and unavoidably follow from the facts alleged, then the allegations of the complaint are sufficient to withstand a general demurrer.

These rules of pleading are elementary, and it is not deemed necessary to refer to more than a few of the many authorities which could be cited on this subject. In 3 Bates Pl., etc., 2244, the rule is stated thus:

"Merely averring a defect and injury is not sufficient, unless the latter appears to have been the result of the former."

It is further said:

"So, if lack of barriers along the side of a walk is the neglect, it must be averred that plaintiff would not have fallen had there been such guards."

In referring to this doctrine the Supreme Court of Wisconsin, in the case of *Bodah v. Town of Deer Creek*, 99 Wis. 511, 75 N. W. 76, says:

"As this court has often been called upon to say, the mere breach of a duty which one person owes to another respecting his personal safety and an injury to such other do not constitute actionable negligence. There is still needed the element that the breach of duty in a line of responsible causation was the cause which produced the injury, and the facts in that regard must be alleged in the complaint."

In City of Logansport v. Kihm, 159 Ind. 70, 64 N. E. 596, it is said:

"While the paragraph describes a specific defect in the street, and alleges that the accident occurred by reason of that defect, it wholly fails to show that the defect in the street was the proximate cause of the accident and injury."

In *City of Hammond v. Winslow*, 33 Ind. App. 95, 70 N. E. 820, in referring to the question that it must appear from the complaint that the negligence was the proximate cause of the injury in question, Mr. Justice Robinson says:

"It is left altogether to inference that, if guards had been maintained along the side, she would not have fallen. Under a number of rulings we think the complaint must be held insufficient."

If we now apply the rules of pleading as the same are stated above to the allegations of the complaint in this case, how can it be said that the complaint states a good cause of action? Certainly no one can claim that it is stated in direct terms that the excavation was dangerous. Let us assume that this fact can properly be inferred from the allegations concerning the place where the excavation was made and the dimensions thereof. After having assumed or inferred the dangerous condition, the question now arises as to whether the condition was such as to require either signs or guards at all times of the day and night. There is no direct allegation that either signs or guards were necessary; but whether they were or not must again be inferred. In making these inferences we must, however, infer that the respondents were guilty of negligence. While it is true that negligence may be inferred from other facts as a rule of evidence, and such is often done, can it, however, with the same degree of liberality, be inferred that negligence existed from other facts stated in a pleading? In other words, when it appears from the pleading, as in the case at bar, that an excavation is being made, that the work is proceeding in the daytime and at the time the plaintiff fell into it, the question at once arises whether from the mere description of the excavation and the place where it is we may infer that it was so dangerous a place as to require the placing of signs or guards in broad daylight. Had the appellant in direct terms alleged that the excavation was dangerous in daytime, then we might infer that signs or guards were necessary, and that a failure to put any constituted negligence. The inference would thus at least be a natural, if not wholly an unavoidable, one. Assuming, how-

ever, for the purposes of this decision, that there are sufficient facts stated from which it may be inferred that the respondents were required to erect a sign to apprise passers-by of the danger, from what fact or facts alleged in the complaint can it be also inferred that the absence of a proper sign or signal of warning caused the appellant to fall into the excavation? He alleges in positive terms that in approaching the excavation "he was then looking in another direction" from that in which the excavation was located.

From this it unavoidably follows that the failure to erect a sign could not have been the cause of appellant's falling into the excavation for the reason that even though a sign, or any number of them, had been put up at or near the excavation he would not have seen them, and hence they would have been entirely useless so far as he is concerned. Any negligence, therefore, that may have arisen from the failure to place signs or signals, could not have any effect or influence in this case. How about the negligence in failing to put up guards or barriers? As we have seen, there is no allegation that guards were actually necessary, or that the excavation was dangerous in the daytime without them. But, assuming that there was danger without guards, the question at once presents itself, what right have we to infer that appellant, in view of his conduct at the time, would not have fallen into the excavation, although sufficient guards or barriers had been put up? While it is possible that a guard might have prevented his fall, it is equally possible that it would not have done so; and, in view that appellant is perhaps the only one who knows and refuses to state the fact, we have no right to create inferences in his favor.

It is important to keep in mind that an inference in a pleading takes the place of a positive allegation, and hence must naturally and necessarily arise out of some fact or facts positively stated. An inference in a pleading, therefore, is equivalent to a positive statement of an ultimate or operative fact required to be stated. As a matter of evidence, an inference may have but slight force or effect. It may only be more or less persuasive and entirely

inconclusive, and still it may be considered, since it is evidentiary merely. In pleadings, however, the inference, to be availing, must stand as and for an ultimate fact, and therefore must be clear and certain. Appellant's statements left the question with regard to his fall a matter of conjecture merely. This is wholly insufficient to withstand a general demurrer timely interposed.

It is also contended that the demurrer was properly sustained upon the ground that the facts stated in the complaint show that the appellant was guilty of negligence which caused or at least materially contributed to the injury complained of.

In view that both associates of the writer are of the opinion that the complaint is not vulnerable upon that ground, their judgment is deferred to. Inasmuch as anything that might be said upon that phase of the case would still leave the result the same, it is useless to discuss the question at all.

From what has been said it follows that the judgment of the court below should be affirmed, with costs to respondents. It is so ordered.

STRAUP, J. (concurring).

In concur in the judgment. The trial court sustained the general demurrer to the complaint for want of facts. As neither the demurrant was required to set forth in the general demurrer, nor the court in passing on it to state, the particulars wherein the complaint was wanting in facts, we have no means of knowing for what reason the court held the complaint insufficient, except from an inspection of the complaint itself. Counsel have told us that the court held the complaint bad because the averments thereof conclusively show the plaintiff guilty of contributory negligence. But neither the court nor the record tells us that. The court having sustained the general demurrer for want of facts in the complaint, the ruling must be upheld if the complaint for any good reason is wanting in essential facts, though the trial court did not give the best or proper reason for its deficiency in such particular. I think the demurrer was properly sus-

tained on the ground of a want of sufficient allegations·to show that the alleged negligence of the defendant caused the injury. I do not think that the allegations of the complaint conclusively show the plaintiff guilty of contributory negligence. I am of the opinion, also, that sufficient facts are alleged to show that a duty was imposed on the defendants to use ordinary care to guard the excavation and to warn and protect pedestrians against the dangers attending it, and that the defendants had failed and neglected so to do. But it is not sufficiently·alleged that the charged negligence of the defendants—their failure to place guards or barriers or signs or other means of protection or warning about the excavation—caused the plaintiff to fall, or that he, by reason of such failure or negligence, was cast into the excavation. Hence there is a want of allegations that the alleged negligence caused the injury. What plaintiff alleged was, not that the alleged negligence of the defendants caused him to be thrown or cast into the excavation, but that he "fell into" it "without his fault or negligence" because of his walking along the sidewalk and "failing to observe the excavation" for the reason that "his attention was otherwise attracted and engaged as he was then looking in another direction." Such allegations, though they do not necessarily show the plaintiff guilty of contributory negligence, nevertheless do not sufficiently show that by reason of the alleged negligence of the defendants he fell or was cast into the excavation, and that the defendants' negligence caused the injury.

McCARTY, J. (dissenting).

It is alleged in the complaint that the excavation, which was twenty feet wide and eight feet deep, extended across the entire width of a "certain public sidewalk, part and parcel, of said Washington Avenue, the main thoroughfare of the city of Ogden." It is also alleged that "defendants had carelessly and negligently failed to erect proper, or any, guards or means to prevent persons passing along said walk from falling into said areaway, and had negligently and carelessly

failed and omitted to place any signs or warnings whatever of the existence of said excavation or areaway." It is further alleged that "plaintiff while walking along and over said sidewalk, . . . failing to observe said excavation, by reason of the fact that his attention was otherwise attracted and engaged, and he was then looking in another direction, and not knowing or having reason to know of the existence of said . . . excavation, fell into and to the bottom of said excavation in said sidewalk *without his fault or negligence,* thereby" receiving the injuries complained of. It will be observed that the complaint in plain and concise language charges negligence on the part of defendants in failing and omitting to erect guards and to place signs at and around the excavation at the point where it extended across the sidewalk. And in equally plain and concise terms it is alleged that plaintiff while walking along and over said sidewalk, with his attention withdrawn from the walk, and while he was looking in another direction, not knowing, nor having reason to know, of the existence of the excavation, fell into it without fault or negligence on his part. Now, there is only one inference which can be drawn from these allegations, and that is that plaintiff fell into the excavation because of defendants' negligence in failing and omitting to erect proper and necessary guards across the sidewalk at or near the point where the excavation was made. The facts pleaded, which, for the purpose of determining the issues presented by the demurrer, are taken to be true, preclude any presumption that some intervening circumstance or agency was the proximate cause of plaintiff's injury. And there is no fact or element necessary to make out a cause of action left to conjecture. In this class of cases the general rule is that, where the facts pleaded show that the injuries complained of were the proximate result of defendant's negligence, a direct allegation to that effect is not required.

In 14 Enc. Pl. & Pr. 336, the principle is tersely and well illustrated in the following language:

"In an action for negligence it must appear from the complaint or declaration either by direct averment or from the statement of such facts as to raise the presumption, that the injury was the natural and proximate result of the defendant's negligence."

The following authorities are to the same effect: *City of Huntington v. Burke,* 21 Ind. App. 655, 52 N. E. 415; *Wabash County v. Pearson,* 120 Ind. 426, 22 N. E. 134, 16 Am. St. Rep. 325; *Baltimore, etc., R. Co. v. Kleespies,* 39 Ind. App. 151, 76 N. E. 1015, 78 N. E. 252; *Holt v. Spokane & P. Ry. Co.,* 3 Idaho, 703, 35 Pac. 39; *Con. Elec. L. & St. R. R. Co. v. Pryor,* 44 Fla. 354, 32 South. 797; *Evansich, Jr., etc. v. G. C. & S. F. Ry. Co.,* 57 Tex. 123; *San Antonio Ry. Co. v. Cailloutte,* 79 Tex. 341, 15 S. W. 390; *Dugan v. St. P. & D. R. Co.,* 40 Minn. 544, 42 N. W. 538; *McGehee v. Schiffman,* 4 Cal. App. 50, 87 Pac. 290; 3 Suth. Code Pl., Pr. & Forms, sections 4172, 4222.

Counsel for defendants contend with much earnestness that the complaint on its face shows that plaintiff was guilty of contributory negligence, and that the ruling of the trial court sustaining the demurrer to the complaint should be upheld on that ground. The complaint shows that Washington Avenue is the main public thoroughfare of Ogden City, Utah, and that at the time of the accident complained of plaintiff was walking on and along the sidewalk of this public and much used thoroughfare, and while "his attention was otherwise attracted and engaged and he was looking in another direction, and not knowing, or having reason to know, of the existence of said . . . excavation," fell into it without fault or negligence on his part.

A person walking along a public sidewalk has a right to presume, and to act upon the presumption, that it contains no pitfalls, and that it is free from dangerous obstructions (*Tucker v. Salt Lake City,* 10 Utah, 173, 37 Pac. 26), and if he is injured by falling into an excavation, or by coming in contact with some dangerous obstruction thereon the mere fact that his attention at the time was attracted in another direction and momentarily withdrawn from the

sidewalk is not sufficient, under the great weight of authority, to raise a presumption of lack of ordinary care or prudence on his part. And especially is this so where, as in this case, it is alleged in the complaint that the injury complained of was occasioned "without his fault or negligence." It is held in some jurisdictions that such an allegation in this class of cases is sufficient to overcome any inference that might otherwise be drawn of fault or negligence on the part of the party injured. (*Street Rd. Co. v. Nolthenuis*, 40 Ohio St. 376; *Penn. R. Co. v. O'Shaughnessy*, 122 Ind. 588, 23 N. E. 675; *City of Elkhart v. Whitman*, 122 Ind. 538, 23 N. E. 796; *Board of Com'rs v. Creviston*, 133 Ind. 39, 32 N. E. 735; *Evansville & T. H. R. Co. v. Krapf*, 143 Ind. 647, 36 N. E. 901; *Wall v. Buffalo W. W. Co.* 18 N. Y. 119; *Evansich, Jr., etc. v. G., C. & S. F. Ry. Co., supra;* 5 Enc. Pl. & Pr., 5-7, and cases cited in notes; *Barry v. Terkildsen,* 72 Cal. 254, 13 Pac. 657, 1 Am. St. Rep. 55.) In the last case cited the plaintiff, a girl nineteen years of age, started somewhat in a hurry from her home about nine o'clock in the morning to go to school. The defendant owned the adjoining premises, and in the sidewalk in front of his premises there was a hole covered by a wooden trapdoor, which defendant used for his private convenience. This hole was only a few feet from the entrance to the residence of plaintiff. On the morning referred to the hole was open, and entirely unguarded and unprotected. As plaintiff went out of the house, her attention was attracted for a moment by some children playing in the street, and, not noticing the hole, she fell into it, and was seriously injured. She had been accustomed to travel over the sidewalk daily on her way to and from school and never the knew the hole was there. The premises were on a populous street in San Francisco. In that case the court, in the course of a well-considered opinion said:

"In our opinion there is nothing in the point that respondent was guilty of contributory negligence. A sidewalk of a street in a city not near a crossing may be taken by one passing over it to be a safe, and not a dangerous place. In this case the respondent had

the right to presume that the sidewalk was in the same condition in which she had always found it; and the fact that her attention was momentarily attracted in another direction—*a thing of the most common occurrence to travelers along a street*—falls far short of that contributory negligence which in law defeats an action for damages." (Italics mine.)

In 7 A. & E. Enc. L. (2d Ed.), 411, it is said:

"A traveler upon a street or highway has a right to depend upon the performance of this duty (the duty of keeping streets and highways reasonably safe for public travel) without special investigation, and if injured by defects thereon of which he has no notice, while traveling along the street in an ordinary manner, and relying upon the performance of duty by the municipality, he is not guilty of contributory negligence."

In the case of *Tucker v. Salt Lake City, supra,* this court said:

"All persons using the street and sidewalks have the right to assume that they are in good and safe condition, and to regulate their conduct on that assumption."

In the case of *Dwyer v. Salt Lake City,* 19 Utah, 521, 57 Pac. 535, this court said:

"Although the respondent had previous knowledge of the condition of the sidewalk and embankments, and undertook to cross the embankment on a dark night and momentarily forgot about it yet such knowledge, undertaking, and forgetfulness were not conclusive evidence of such contributory negligence as would bar a recovery."

The principle announced in that case was reaffirmed by this court in the case of *Bowman v. Ogden City,* 33 Utah, 198, 93 Pac. 561, and again in the case of *Bills v. Salt Lake City,* 37 Utah, 507, 109 Pac. 745. *Jennings v. Van Schaick,* 108 N. Y. 530, 15 N. E. 424, 2 Am. St. Rep. 459, was a case in which the plaintiff fell into an open coal hole left uncovered and unprotected in a crowded city street. The court said:

"She had a right to assume the safety of the sidewalk, and so was not called upon to give attention to her steps, until in some manner warned of danger. Undoubtedly she knew that vaults and

39 Utah—38

coal chutes were common under and adjoining the sidewalks, and
that through the ordinary openings coal was deposited in such
vaults.    But she had a right to assume that they were securely
covered, or, if left open, were guarded by some one to give warning,
or by the crib or box prescribed by the city ordinance."

In a later case the same court (*Pettengill v. City of Yonk-
ers*, 116 N. Y. 558, 22 N. E. 1095, 15 Am. St. Rep. 442)
said:

"A person using a public street has no reason to apprehend
danger, and is not required to be vigilant to discover dangerous
obstructions, but he may walk or drive in the daytime or nighttime,
relying upon the assumption that the corporation whose duty it is
to keep the streets in a safe condition for travel have performed
that duty, and that he is exposed to no danger from its neglect."

The case of *City of Chicago v. Babcock*, 143 Ill. 358, 32
N. E. 271, contains the following clear and concise state-
ment of the rule:

"*A person passing along a sidewalk in a city is required to use
ordinary and reasonable care and diligence to avoid danger, but
what is such ordinary and reasonable care depends upon the cir-
cumstances of each particular case, and is a question of fact for the
jury.*   A pedestrian upon such sidewalk may ordinarily assume that
the sidewalk is in a reasonably safe condition for travel.   To hold
that such person is absolutely bound to keep his or her eyes con-
stantly fixed on the sidewalk in search for possible holes or other
defects would be to establish a manifestly unreasonable and wholly
impracticable rule."   (Italics mine.)

The same general principle is announced and followed
in the following cases:   *Topeka Water Co. v. Whiting*, 58
Kan. 639, 50 Pac. 878, 39 L. R. A. 90; *City of Houston v.
Isaaks*, 68 Tex. 116, 3 S. W. 693; *Brown v. Stevens et al.*,
136 Mich. 311, 99 N. W. 12.   Under the doctrine declared
by the foregoing authorities, which is the settled law of this
state, I am clearly of the opinion that the facts pleaded in
this case did not warrant the court in holding that the
plaintiff was negligent, and that such negligence contributed
to the accident.

Counsel for defendants contend that if a person passing
along a sidewalk of a populous city in the daytime, and

while his attention is momentarily attracted from the sidewalk, falls into an excavation of the magnitude of the one in question, he is as a matter of law guilty of contributory negligence, but if, under the same or similar circumstances, he falls into an excavation one or two feet in width, or into an ordinary coal chute, the question of contributory negligence in such case is one of fact for the jury to determine. In their printed brief counsel say: "No precautions are necessary where the danger is obvious and unconcealed, and where, as in this case, any person making reasonable use of his faculties must have discovered the excavation in time to have avoided injury. . . . To charge respondents with negligence it must appear that the situation was such that it might reasonably be anticipated that some person traveling along the sidewalk and using ordinary care might fall into the excavation. Now, how can it be said that it could reasonably be anticipated that any person would fail to discover so large an excavation as this in the sidewalk in one of the principal streets of a city in broad daylight?" To show the untenableness of this proposition, and the fallacy of any argument that may be made in support of it, I have only to invite attention to the fact that under such a rule the municipality or private party, as the case may be, making a dangerous excavation of the size of the one in question across a much used sidewalk in a populous city, would be relieved of the duty of erecting proper and suitable guards and of placing the usual and customary signs or warnings of danger around the excavation to prevent people from falling therein who might have occasion to pass along the walk in the daytime. In other words, the larger and more dangerous the excavation, the less care would be required of the parties making and maintaining the same to prevent people from falling into it. And the question of whether a party falling into such an excavation in the day time and receiving an injury was at the time of the accident exercising ordinary care for his own safety could not be considered, all of which is contrary to well-established and elementary principles of the law of negligence.

For the reasons herein stated, I am of the opinion that the case should be reversed, with directions to the trial court to set aside the judgment of dismissal, reinstate the case, and overrule the defendant's demurrer.