### NELSON v. CITY OF JUNEAU.

No. 4095–A.

District Court of Alaska. First Division. Juneau.
Sept. 25, 1937.

Mildred Hermann, of Juneau, for plaintiff.
Frank H. Foster, of Juneau, for defendant.

ALEXANDER, District Judge.

This matter is before the court on defendant's demurrer to plaintiff's complaint.

The ground of demurrer is that plaintiff's complaint does not state facts sufficient to constitute a cause of action against said defendant.

Defendant's demurrer as argued to the court, is based on the following grounds:

First. That the complaint fails to allege the duty of defendant to keep its sidewalks in repair.

Second. That the complaint does not allege facts sufficient to show any causal connection between the alleged negligent acts of plaintiff and the injury complained of.

Third. Complaint alleging injury, by defect in sidewalk, but failing to allege duty of defendant to repair walks or af-

firmative act of defendant causing injury, does not state a cause of action.

I have examined all of the authorities cited by both parties and hold the second ground for demurrer to be well taken.

The complaint alleges inter alia, paragraph 2—"That on or about the first day of April, 1937, the City of Juneau, through city employees engaged in repair and maintenance work on the city streets, negligently and carelessly created on one of the city streets a condition dangerous to the safety of the users of this street, to-wit: they removed a stair railing from the stairway on the hillside above Moose Hall, on First Street in Juneau, and left it off overnight without marking the dangerous spot with a light or other signal visible in the darkness, and also left an accumulation of chips and debris on the steps where they had been working," and —paragraph 3, "That in the early part of the evening of April 1st. 1937, because of this dangerous condition, and through no fault or negligence of her own, plaintiff sustained a serious fall on the stairs where the railing had been removed and was injured so badly that she had to undergo hospitalization for several days, and ever since has been under the care of a physician."

Nowhere does any allegation appear that any alleged negligence on the part of the City had anything whatever to do with the plaintiff falling. In other words, it is not alleged that her fall was occasioned by the removal of the stair railing or its being left overnight without being marked; or that the fall was caused by a failure to properly light the spot, or by the alleged accumulation of chips and débris on the steps where the men had been working.

Some causal connection must be alleged between the alleged negligence of the City and the alleged fall of the plaintiff.

As stated in Soule v. Weatherby, 39 Utah 580, 118 P. 833, Ann.Cas.1918E, 75, "To state a cause of action for

injuries by falling into an unguarded excavation in a sidewalk, the complaint must affirmatively show that the excavation makes the sidewalk dangerous, that signals or guards, or both, were required to warn the public, and that the absence of such signals or guards proximately caused the injury."

In that case the complaint alleged that defendants were engaged in constructing an areaway beneath the sidewalk and had excavated a space entirely across the sidewalk, and carelessly and negligently failed to erect any guards to prevent persons from falling into the way, and negligently and carelessly failed to place any warnings of the existence of the excavation, and that while plaintiff was walking along the sidewalk, failing to observe the excavation because his attention was otherwise attracted and he was looking in another direction, and not knowing or having reason to know of the existence of the excavation, fell into it and was injured without his fault or negligence. Held, that the complaint did not sufficiently allege, as against a general demurrer, that the failure to erect boardings or guards was the proximate cause of plaintiff's falling into the excavation.

Thus in this case it is not sufficient to merely allege that the conditions set out in the complaint existed and that plaintiff fell, but it must be affirmatively shown by the allegations of the complaint that the conditions complained of were the cause of plaintiff's alleged falling and consequent injury.

It therefore follows that defendant's demurrer will be sustained; and an order may be prepared accordingly.