[Civ. No. 1839.   Fourth Appellate District.—February 9, 1938.]

DELBERT D. BLAKESLEE, Respondent, v. GEORGE N. TANNLUND, Appellant.

Halbert & Stone for Appellant.

Bradley & Bradley for Respondent.

BARNARD, P. J.—This is an action for damages alleged to have been sustained by the plaintiff as a result of negligent dental treatment by the defendant.

The following facts appear from the evidence, although not without conflict. The plaintiff, having been advised by his doctor to have all of his teeth extracted, employed the defendant to do this work and to make for him a set of artificial dentures. During the course of the extraction one of his teeth was broken and a portion of a root was left imbedded in his jawbone, which caused a soreness and later an infection. The dentures which were made did not fit his mouth and would not stay in place. Over a period of about eight months he went to the defendant's office once a week, sometimes oftener,

and continually complained that the dentures made his mouth sore and especially that he suffered great pain in a certain part of his jaw or gum, where it later developed that a fragment of the root of a tooth remained. The defendant repeatedly attempted to refit the dentures after which he would force the lower denture down over the affected portion of the plaintiff's gum or jawbone. A somewhat serious condition developed, causing the plaintiff considerable pain and suffering and affecting his general health. After the defendant had refused to do anything more for him the plaintiff went to another dentist, who found an open fistula with pus and found the fragment of a tooth. This dentist removed the broken piece of tooth and made some new dentures which were installed after allowing two weeks for the jaw to heal. The new dentures fitted perfectly and the plaintiff's health immediately began to improve. In this action which followed the court found, among other things, that the dentures made by the defendant were so unskilfully and improperly constructed that they did not and would not fit the plaintiff's mouth; that the plaintiff could not use the same; that the defendant in extracting the plaintiff's teeth performed said work so negligently, unskilfully and carelessly that he left a broken piece of tooth or root in the plaintiff's gum or jaw, upon which he improperly and unskilfully fitted the dentures he had made; and that because of the defendant's negligence and want of skill in these respects the plaintiff's gum became sore and infected, causing him pain and suffering and injuring his health to such an extent that he was unable to carry on his occupation of farming. The court allowed the plaintiff $300 as damages for pain and suffering and injury to his health, and $253.80 as expense reasonably incurred by him in hiring help during the period he was unable to work as the result of the injury thus done to his health. From the judgment entered the defendant has appealed.

It is first argued that a general demurrer should have been sustained because the complaint did not allege that the appellant had failed to exercise that degree of care and skill ordinarily exercised by persons engaged in the practice of dentistry in the city of Porterville, where he had his office. In addition to general allegations of negligence the complaint alleged that the appellant unskilfully and improperly con-

structed these dentures, that he performed the work of extracting the respondent's teeth unskilfully, that he improperly and unskilfully fitted the dentures over the broken piece of tooth, and that the injuries suffered by the respondent were all caused by the failure of the appellant to exercise ordinary care, skill and diligence. These allegations were sufficient as against a general demurrer (*Dunn* v. *Dufficy*, 194 Cal. 383 [228 Pac. 1029]), although it was still incumbent upon the respondent to establish by the evidence that the appellant had not used the skill ordinarily exercised by persons of that profession who practiced in that locality.

It is next urged that a special demurrer, on the ground that several causes of action were improperly united and not separately stated, should have been sustained. The complaint contained but one count, although the respondent sought to recover the amount he had paid to the appellant, damages for his pain and suffering and injury to his health, the amount paid for labor while he was unable to work on his ranch and the amount expended by him in traveling to the appellant's office in Porterville over a period of eight months. Nothing was allowed by the court for two of these matters and they may be eliminated from consideration as no prejudice resulted. Assuming that the expense for labor was not an injury to property, within the meaning of the last paragraph of section 427 of the Code of Civil Procedure, this item of damage was one of the results of the injury to respondent's health and the two were very closely connected. If it be conceded that it would have been better practice to plead these items in separate counts no prejudice appears and any possible error is not sufficient to justify a reversal.

The main point raised is that the judgment is not sustained by the evidence. This is based upon the contention that the evidence fails to show any lack of skill on the part of the appellant in connection with this transaction, measured by the standard of practice which prevailed in that locality. It is argued that what is good dental practice in that locality can be established only by the testimony of experts, that there is a total failure in this respect since the only expert produced by the respondent was the second dentist who treated him, and that his testimony shows that he was not familiar with what constituted good practice in the city of Porterville. The appellant contended that the respondent

was in poor health at the time his teeth were extracted, that because of his physical condition it was advisable to let this fragment of a tooth remain and let it work itself out, when it could easily be removed, and that this was considered good practice in that locality. He produced as witnesses three other dentists from Porterville and one from Tulare, who testified that under some circumstances it was advisable to adopt this procedure and let such a root remain for a time. However, these witnesses also testified that it was not good practice to fit dentures over such a fragment of a tooth and keep them there if an infection had developed which was known to the dentist. The respondent's expert testified that the dentures made by the appellant did not fit the respondent and could not have been made to fit him, that when the respondent came to him there was an infection in his jaw and that pus came out, that while it would not be bad practice to let such a root fragment remain temporarily under some conditions, it should not be left for more than a few weeks or a month, and that it was bad practice to keep the dentures in after an infection had developed. This witness did say that he had never been in the office of any other dentist in Porterville and that his knowledge of the way dentistry was practiced there was very general. He had practiced in Porterville for fifteen months, in Venice for fourteen years and prior to that in Stockton and Fresno. If we disregard his testimony as an expert, the testimony of the appellant's four experts, in connection with other evidence developed at the trial, is sufficient to sustain the judgment. These witnesses all agreed that it would be considered bad practice in that locality to keep dentures in a patient's mouth if an infection had developed in connection with the presence of the fragment of a tooth. The respondent had been seeing the appellant regularly until he went to the other dentist upon the appellant's refusal to do anything more for him. At that time there was a pronounced infection with considerable .pus. We do not know how long this had been there but the respondent's physician testified that he had seen the respondent several times during this period, that on one occasion he examined his jaw, that he thought this was soon after his teeth had been extracted, that at this time there was ''either infection or an eruption of the respondent's gum'', that the respondent's jaws had all healed

up with the exception of this particular area, that he thought something could be done to relieve the condition he found and that he urged the respondent to go back to his dentist. The respondent's wife testified that during this period this portion of the respondent's jaw "looked like a canker eruption" and "it looked reddish and it would act like it was cankered, I call it cankered, it had an aggravation", and that she and her husband both informed the appellant of this condition but he did nothing to relieve it. It may be reasonably inferred from this evidence that an infection was present which was known or ought to have been known to the appellant. While the evidence is conflicting a portion thereof supports the findings and judgment.

The only other point raised is that there was inadequate proof of the amount of the special damage allowed, $253.80. A number of inconsistencies and conflicts which appear in the evidence are brought out but it appears even from appellant's statement of this part of the evidence that there was evidence which would have supported a judgment for about $10 more than was allowed on this particular item. If any error appears it is in appellant's favor and is one of which he is in no position to complain.

The judgment is affirmed.

Marks, J., concurred.