[Civ. No. 14865. Second Dist., Div. One. Oct. 23, 1945.]

TRESSIE SMITH, Appellant, v. R. F. BEAUCHAMP et al., Respondents.

Henry C. Rohr for Appellant.

Sidney Snyder for Respondents.

YORK, P. J.—Plaintiff appeals from a judgment on the pleadings rendered in response to a motion therefor made by respondents.

"In considering whether the judgment on the pleadings was properly granted, it is but necessary to determine the sufficiency of the complaint upon the same principle as though it had been attacked by general demurrer. In other words, it is only where there is an entire absence of some essential allegation that a motion for jurgment on the pleadings may be properly granted." (*Rannard* v. *Lockheed Aircraft Corp.,* 26 Cal.2d 149, 151 [157 P.2d 1], citing authorities.)

The action is one for the recovery of damages for alleged malpractice, it being alleged in the complaint that respondents Beauchamp, Richards, Dudley, Arnold and Jones were dentists regularly licensed to practice said profession; that respondent Siegel was a licensed physician; and that respondents Richards, Dudley, Arnold, Jones and Siegel were employed by respondent Beauchamp and were acting under his

direction, as his servants, agents or employees to treat and care for appellant.

"That on or about the 18th day of June, 1942, plaintiff employed defendant, R. F. Beauchamp, to examine, treat and care for her teeth, and said defendant undertook and agreed to examine, treat and care for plaintiff's teeth with a due degree of professional care and skill. . . .

"That pursuant to said undertaking, defendant, R. F. Beauchamp, began examination, treatment and care of plaintiff on or about the 18th day of June, 1942; and that the care and treatment administered to plaintiff by said defendant and his said servants, agents and/or employees was grossly unskillful and negligent as follows:

"(a) On the morning of June 18, 1942, plaintiff went to the office of defendant R. F. Beauchamp . . . that said defendant then and there negligently, unskillfully and wrongfully gave plaintiff medicine which appeared to plaintiff to be a pink pill; that defendant then left the room in which plaintiff was seated; that plaintiff became ill and fainted and fell from the chair in which she was seated unto the floor; and thereafter defendant, R. F. Beauchamp, summoned defendant, Herman Siegel, to treat and attend plaintiff, and plaintiff was then taken by defendant, Herman Siegel, to the Maywood Hospital & Clinic, located at 4400 East Slauson Avenue, City of Maywood, California, and placed in the care of the said hospital staff.

"(b) On the morning of June 19, 1942, plaintiff was removed to the operating room of the said Maywood Hospital & Clinic under the direction of defendants, Herman Siegel and C. P. Richards; that said defendants negligently, unskillfully and wrongfully extracted eighteen (18) of plaintiff's teeth."

Then follow allegations to the effect that during the period from June 27, 1942, to and including July 29, 1942, plaintiff made various trips to the office of respondent Beauchamp and waited to see him, but was informed by attendants that he was not there; that impressions for upper and lower partial plates were made by respondents Jones and Dudley and that plaintiff was thereafter informed that said impressions had been lost; and that on July 29, 1942, plaintiff went to the office of defendant Beauchamp and requested that she be attended by said defendant Beauchamp, but she was informed that he was away for summer vacation and that "plaintiff

was then and there negligently, unskillfully and wrongfully attended by defendant, Harold E. Arnold.''

It is further alleged that ''plaintiff is informed and believes, and upon such information and belief alleges that defendants, and each of them, negligently, unskillfully and wrongfully administered to plaintiff drugs which were injurious and harmful to plaintiff's health, as aforesaid; that defendants, and each of them, negligently, unskillfully and wrongfully extracted plaintiff's teeth, as aforesaid; and that defendants, and each of them, negligently, unskillfully and wrongfully made impressions which were lost or could not be used in making partial plates to replace plaintiff's teeth extracted as aforesaid; and that as a direct and proximate result of the said negligence, unskillfulness and wrongful acts of defendants, and each of them, plaintiff was injured in health, weakened in body and suffered great pain, all to plaintiff's damage in the sum of $10,000.00.''

The complaint also contains allegations of special damages sustained by appellant ''as a direct and proximate result of the negligence, unskillfulness and wrongful acts of defendants'' (1) $200 because of inability to pursue her regular employment as a sales clerk from June 18, 1942 to August 29, 1942, in which she earned $20 per week; and (2) the sum of $45 of which the sum of $10 was paid to defendant Richards; $15 to defendant Siegel and $20 to Maywood Hospital & Clinic.

Thereafter, defendants Beauchamp, Richards, Dudley, Arnold and Jones answered denying generally and specifically the allegations of said complaint and set up two separate and affirmative defenses, to wit: (1) that the purported injuries and damages resulted from circumstances over which they had no control and (2) contributory negligence of plaintiff in that she failed to cooperate with and follow said defendants' instructions.

Defendant Maywood Hospital & Clinic interposed a general and special demurrer to the complaint, but the same was ordered ''off calendar'' since said defendant made no appearance at the hearing thereon.

Defendant Siegel filed an answer in which he admitted that he was an osteopathic physician, that he was employed by plaintiff to administer an anesthetic and did administer an anesthetic to plaintiff at the Maywood Hospital & Clinic on or about June 19, 1942, for which he was paid $15. Otherwise, he denied generally and specifically the allegations of plaintiff's complaint.

On August 31, 1944, a minute order granting ''defendants' motion for a judgment on the pleadings'' was duly entered. Thereafter, on October 27, 1944, plaintiff filed her notice of appeal from such judgment on the pleadings, and contemporaneously therewith filed a notice of motion to vacate said judgment and for leave to file her first amended complaint containing an allegation that the extraction of her teeth ''was done without plaintiff's knowledge and consent and against her will.'' When said motion came on for hearing on November 2, 1944, objections of defendants to jurisdiction of the court to hear same were sustained, apparently because of the pending appeal from the judgment.

In support of her contention that her original complaint states a cause of action for malpractice, appellant cites the recent case of *Rannard* v. *Lockheed Aircraft Corp., supra* (26 Cal.2d 149, 151): an action for damages for alleged malpractice of a physician and surgeon employed by defendant corporation ''for the purpose of giving physical examinations to persons who applied to said corporation for employment and of rendering certain other professional services.''

The cited case holds at page 154: ''Under the authorities, it is sufficient to allege that an act was negligently done by defendant, and that it caused damage to plaintiff. (Citation of authorities.) The rule was early announced in this state in *Stephenson* v. *Southern Pacific Co.* (1894), 102 Cal. 143, 147-148 [34 P. 618, 36 P. 407] as follows: 'In adopting what is known as the code system of pleading, courts in most of the states have excepted from the general rule, requiring a complaint to state the facts constituting the cause of action in ordinary and concise language, cases founded upon negligence; or rather, they have so far modified the rule as to permit the plaintiff to state the negligence in general terms, without stating the facts constituting such negligence. This modification of a rule of code pleading is founded in wisdom, and grows out of a fundamental rule in common-law pleading, to the effect that ''no greater particularity is required than the nature. of the thing pleaded will conveniently admit.'' (Stephens' Pleading, * 367.) Supported by that other rule that ''less particularity is required when the facts lie more in the knowledge of the opposite party.'' (Stephens' Pleading, * 370.) In cases of negligence, the sufferer may only know the general, the immediate, cause of the injury, and may be entirely ignorant as to the specific acts or omissions

which lead up to it. . . . The term ''negligence,'' for the purpose of pleading, is a fact to be pleaded—an ultimate fact, which qualifies an act otherwise not wrongful. Negligence is not the act itself, but the fact which defines the character of the act and makes it a legal wrong. The absence of care in doing an act which produces injury to another is actionable. The term ''negligence'' signifies and stands for the absence of care. . . . As a result of the application of these principles to code pleading in cases of negligence and to others of kindred character, it is held in this state, and in nearly all of the United States, that it is sufficient to allege the negligence in general terms, specifying, however, the particular act alleged to have been negligently done.'

. ''This elementary principle of negligence pleading has been followed in a variety of situations in this state. . . . The same rule permitting the pleading of negligence in general terms has been applied in malpractice cases. (*Dunn* v. *Dufficy,* 194 Cal. 383 [228 P. 1029]; *Ragin* v. *Zimmerman,* 206 Cal. 723 [276 P. 107]; *McGehee* v. *Schiffman,* 4 Cal.App. 50 [87 P. 290].) That in such instances, in addition to general allegations of negligence, the complaint may include a recital of certain related particulars does not deflect from the force of the general rule that 'it is sufficient in cases of this class to plead that the thing done was negligently done.' (*Ragin* v. *Zimmerman, supra,* at p. 725; *cf. Blakeslee* v. *Tannlund,* 25 Cal.App.2d 32 [76 P.2d 216].) While the statement of other facts auxiliary to the main fact—'the fact which caused the injury' (*McGehee* v. *Schiffman, supra,* at p. 53)—might tend to provide a clearer conception of the principal act, it has been the settled rule in this state since the decision of *Stephenson* v. *Southern Pacific Co., supra,* that 'negligence and proximate cause may be simply set forth.' (*Roberts* v. *Griffith Co.,* 100 Cal.App. 456, 461 [280 P. 199].) The application of this rule to pleadings in malpractice cases is well stated in *Abos* v. *Martin,* 31 Cal.App.2d 705, 707-708 [88 P. 2d 797] as follows: 'It sufficiently appears from this complaint that what was done by this defendant was the administration of chiropractic treatments, which treatments, it was alleged, were negligently administered. Having alleged what was done and that the same was negligently done, the complaint was sufficient in the absence of a demurrer. While the defendant might have insisted upon greater certainty and particularity, he waives such defects by failure to interpose a special demurrer. As against a general demurrer, which is what an

objection to the introduction of any evidence amounts to, the complaint is sufficient.'

"Tested by the requirements of the established rule for negligence pleading, the complaint in the present case must be held sufficient. . . . While the complaint is couched in very general language, 'All that is required of a plaintiff, as a matter of pleading, even as against a special demurrer, is that his complaint set forth the essential facts of the case with reasonable precision and with sufficient particularity to acquaint the defendant with the nature, source and extent of his cause of action.' (*Dunn* v. *Dufficy, supra,* at p. 391.) This the complaint here does and it should be no more necessary, after the general charge of negligence in the diagnosis, the operation and the subsequent treatment, to detail the specific act or omission upon which plaintiffs rely than it is incumbent upon a plaintiff in an automobile collision case to specify the particular in which the vehicle was negligently operated, such as driving on the wrong side of the road, driving at an excessive speed, or failure to give proper traffic signals. These are matters of evidence which may be shown under the scope of the general negligence charge. (*Taylor* v. *Oakland Scavenger Co.,* 12 Cal.2d 310, 316-317 [82 P.2d 948].)''

Since a motion for judgment on the pleadings is in the nature of a general demurrer, the trial court in ruling thereon must treat the allegations of the complaint as true (*MacIsaac* v. *Pozzo,* 26 Cal.2d 809 [161 P.2d 449]). It was herein alleged that respondents agreed to examine, treat and care for appellant's teeth with due professional care and skill; that respondents negligently administered medicine to appellant, which caused her to become ill, and apparently while unattended, to faint and to fall to the floor; that, subsequently, respondents negligently, unskillfully and wrongfully extracted appellant's teeth; and that as a proximate result of such negligent acts on the part of respondents, appellant was injured in health, weakened in body and suffered great pain.

Under the principles enunciated in *Rannard* v. *Lockheed Aircraft Corp., supra,* and supporting authorities, the complaint in the instant cause appears sufficient in its statement of a cause of action for malpractice. It was therefore error to grant respondents' motion for judgment on the pleadings.

For the reasons stated, the judgment is reversed.

Doran, J., and White, J., concurred.