J. W. SCOTT AND WIFE, REPONDENTS, *v.* PROVO CITY, APPELLANT.

TORT—CHARGE TO JURY—NEGLIGENCE—NOTICE TO OFFICERS—VERDICT BY JURORS.

1. Where the court, in beginning the charge, states the material allegations of the complaint and the admissions and denials of the answer, it is not error if it afterwards refers to them in general terms, by stating that the plaintiff should establish each of the material allegations of the complaint by a preponderance of the evidence, without restating them.

2. Where a court charges a jury that it shall take into consideration whether the sidewalk was in a central position or in the outskirts, and the amount of travel over it, it is not

error if it at the same time charge the jury that it was the duty of the city to keep its streets and sidewalks over their entire length and breadth in good order and repair.

3. It is proper for a court to instruct the jurors that they might consider whether or not it was a common occurrence for a culvert to be out of repair, as it went to the question of notice to the officers of the city.

4. It is the duty of municipal officers having the oversight and care of streets and sidewalks to use all reasonable diligence to keep them reasonably safe for persons using them with reasonable care.

5. In civil cases nine jurors may find a verdict.

( No. 700.   Decided August 3, 1895.)

Appeal from the district court of the First judicial district, Territory of Utah.   Hon. W. H. King, *Judge*.

Action by J. W. Scott and wife against Provo City for damages sustained from a defective culvert in one of the ditches crossing defendant's sidewalk.   Judgment for plaintiffs.   Defendant appeals.   *Affirmed.*

*A. D. Gash* and *Thurman & Wedgwood*, for appellant.

*J. W. N. Whitecotton* and *Williams, Van Cott & Sutherland*, for respondents.

ZANE, C. J.:

This action was brought to recover damages in consequence of an injury resulting, as alleged, from the negligence of the defendant.   It appears from the evidence that the plaintiff, Elizabeth Scott, while walking in a dark night upon a sidewalk of a street of defendant, stepped into a hole in the cover of a culvert, and received very serious injury.   There was a conflict in the evidence as to whether the hole was in that part of the sidewalk most usually traveled, or a little to one side.

It did not appear that any officer of the city upon whom the law imposed any duty with respect to the repair of sidewalks had actual knowledge of the defect, but the evidence was conflicting as to whether the covering of the culvert had been out of repair a sufficient length of time to authorize the inference that the officers of defendant would have known of it had they used reasonable diligence. It appears from the record that the jury resolved all questions upon conflicting evidence, as to essential facts, in favor of the plaintiffs, and returned a verdict for them in the sum of $1,000.

Defendant's counsel allege: That the court erred in its charge to the jury.

First. In stating that the plaintiffs should establish each of the material allegations of the complaint by a preponderance of the evidence. That it should have stated those allegations, and should not have left the jurors to determine them for themselves. Statements, considered alone, often appear defective; when considered with others, appear sufficiently explicit. In commencing the charge, the court stated the material allegations of the complaint, and the admissions and denials of the answer. After that it was proper to refer to them in general terms.

Second. Appellant alleges that the court erred in charging the jury that it was the duty of the city to keep its streets and sidewalks over their entire length and breadth in good order and repair. This, when considered with other statements in the charge, informed the jury that it was the duty of defendant's officers to whom the law commits the oversight and care of streets to use all reasonable diligence to keep its streets and sidewalks in a reasonably safe condition for persons using them with reasonable care. The jurors were informed that, in determining whether the city was negligent in allowing

14 UTAH—3

the culvert to remain out of repair, they should, with other facts mentioned, take into consideration whether the sidewalk was in a central position or in the outskirts, and the amount of travel over it.

Third. Appellant assigns as error the statement of the court to the jurors that they might consider whether or not it was a common occurrence for the culvert to be out of repair, and whether it had been frequently so since it was placed across the sidewalk. This evidence was offered as tending to prove notice,—evidence from which it might be inferred that the officers of the city did know of the defect, or that they should have known in the use of reasonable diligence.

Fourth. It is also alleged that the court erred in charging the jury that nine of them might find a verdict, and it is also alleged that the verdict was void, because it was not unanimous. This case was tried under the late territory of Utah, and this court, as well as the late supreme court of the territory, have decided the statute authorizing such a verdict valid, and we do not regard it as an open question in this court. We find no error in this record. The judgment appealed from is affirmed.

BARTCH and MINER, JJ., concur.