BILLS v. SALT LAKE CITY.

No. 2108. Decided June 3, 1910 (109 Pac. 745).

1. APPEAL AND ERROR—BILL OF EXCEPTIONS—SUFFICIENCY. Where the court submitted the case to the jury on all the issues presented by the pleadings, and, in the bill of exceptions, the court certified that there was evidence tending to establish all the issues, the bill was sufficient for a review of the instructions. (Page 510.)

2. APPEAL AND ERROR—RECORD—CERTIFICATION. Where exceptions to instructions were contained in the bill of exceptions which was certified to as correct by the trial court, the exceptions were properly before the appellate court without the certificate of the stenographer who noted the exceptions when they were made. (Page 510.)

3. MUNICIPAL CORPORATIONS—DEFECT IN STREET—INJURIES. In an action against a city for injuries to one who was thrown from his bicycle owing to an excavation in a street, the court instructed that plaintiff must prove the negligence alleged by a preponderance of the evidence, "and, if you find that the weight of the evidence is in favor of the defendant or that it is equally balanced, then the plaintiff cannot recover, and you should find the issues for the defendant." *Held*, that the instruction was not erroneous by reason of the quoted portion. (Page 511.)

4. MUNICIPAL CORPORATIONS—DEFECT IN STREET—INJURIES. An instruction that a person riding a bicycle, "being at a greater disadvantage with respect to obstructions than a traveler by team or machine, should use a degree of care equal to the risk, to wit, ordinary care, and as a matter of ordinary caution and prudence should observe the path or way being traveled, with a view to detect and avoid, if possible, any obstructions that would make it unsafe for a bicycle rider," was erroneous. (Page 512.)

5. MUNICIPAL CORPORATIONS—DEFECT IN STREET—QUESTION FOR JURY. The question whether a bicycle rider, or any other person who is injured while passing along a public street, has exercised the degree of care required of him by law in view of all the circumstances, should ordinarily be left to the jurors. (Page 513.)

6. TRIAL—INSTRUCTION. The trial court should not assume facts, unless they are undisputed or belong to a class where a court is bound to judicially note and declare them. (Page 513.)

7. MUNICIPAL CORPORATIONS—DEFECT IN STREET—INJURIES. Every one using a public street has a right to assume, and to act on the assumption, that the streets to the extent that they are open for travel are in a reasonably safe condition for that purpose. (Page 513.)

8. MUNICIPAL CORPORATIONS—DEFECT IN STREET—CONTRIBUTORY NEGLIGENCE. A traveler must avoid defects that are obvious and apparent, and, if he fails in this duty, he may be guilty of contributory negligence. (Page 514.)

9. MUNICIPAL CORPORATIONS—DEFECT IN STREET—ACTION—INSTRUCTION. In an action against a city for injuries to one riding a bicycle owing to an excavation in a street, an instruction that the city owed no greater duty to one riding a bicycle to "maintain its

streets in a reasonably safe condition for travel thereon than to a person riding or driving a horse" was not erroneous.   (Page 515.)

10. MUNICIPAL CORPORATIONS—STREETS—CONDITION OF STREET—CARE REQUIRED. It is the duty of a city to exercise ordinary vigilance and care to detect defects in its streets, and to exercise ordinary and reasonable diligence to remove them.   (Page 515.)

Appeal from District Court, Third District; *Hon. •Geo. G. Armstrong,* Judge.

Action by William L. Bills against Salt Lake City.

Judgment for defendant.   Plaintiff appeals.

REVERSED.

*E. A. Walton* for appellant.

*H. J. Dininny* and *P. J. Daly* for respondent.

FRICK, J.

This action was instituted by the appellant to recover damages which it is alleged he sustained by being thrown from his bicycle while riding thereon upon one of the streets of respondent city, which street, it is alleged, through the negligence of respondent, was in an unsafe condition for travel by reason of an excavation which was negligently permitted to be and remain therein.   The respondent answered by denying all acts of negligence, and set up affirmatively that appellant was guilty of contributory negligence.   The case was submitted to a jury upon the acts of negligence alleged in the complaint and upon the plea of contributory negligence. The jury found the issues in favor of respondent, and returned a verdict of no cause of action.   The court entered judgment on the verdict, and the appellant brings the record to this court for review on appeal.

The assignments of error all relate to instructions given by the court.

Counsel for respondent insist that the errors assigned cannot be reviewed by us because the bill of exceptions does not contain all the evidence, but merely recites or states the effect of the evidence which was adduced by the parties in support of the respective issues contained in the complaint and answer. We can see no good reason, and none is suggested by counsel, why the bill of exceptions as proposed and allowed in this case is not sufficient, not only to authorize, but also to make it possible and convenient for, us to pass upon the exceptions to the instructions. All that a party ordinarily is required to preserve in a bill of exceptions is sufficient of the evidence to illustrate the exception and to enable this court to intelligently pass upon the question of law raised thereby. In the case at bar the trial court submitted the case to the jury upon all the issues presented by the pleadings, and, in the bill of exceptions, the court certifies (and this is not disputed) that there was evidence introduced which tended to establish all of the issues. If this be true, and we must assume it to be so, the only question is whether in view of the proof the instructions excepted to state correct propositions of law. These questions may be determined as the bill of exceptions is prepared quite as well as if every word of the evidence were certified up. The objection of counsel for respondent therefore cannot prevail.

Nor is their contention tenable that the exceptions to the instructions are not properly before us, because the court stenographer has not certified to the exceptions. The exceptions are contained in the bill of exceptions, which is certified to as correct by the trial court. This is sufficient without the certificate of the stenographer who noted the exceptions when they were made, since those exceptions by the statute are required to be taken in the presence of the judge. The first instruction excepted to reads as follows: "The burden of proving negligence rests upon the party alleging it, and, when a person charges negligence on the part of another as a cause of action, he must prove the negligence alleged in the complaint by a preponderance of

the evidence; *and in this case if you find that the weight of the evidence is in favor of the defendant, or that it is equally balanced, then the plaintiff cannot recover, and you should find the issues for the defendant."* (Italics ours.) It is contended that a requested instruction in which the italicized portion of the foregoing one was contained was condemned by this court in the case of *Hickey v. Railroad,* 29 Utah, 392, 82 Pac. 29. In that case an instruction quite similar in terms to the foregoing was passed on. From what was said, however, by Mr. Justice Straup, commencing on page 413 of 29 Utah, 82 Pac. 29, it is clear that the conclusion reached with respect to the instruction was based on the fact that the trial court in its own instructions had affirmatively charged the jury with regard to the proposition covered by the request, which, in effect, was no more than a negative statement of what had already been sufficiently covered by the court. It was accordingly held that the court committed no error in refusing the request. It is true that on page 414 of 29 Utah, 82 Pac. 29, it is said that a portion at least of the requested instruction did not correctly state the law. This statement was based upon the fact that the request was open to the construction that the plaintiff could not recover in the case if the evidence for and against the issue of his contributory negligence were "equally balanced." If the instruction in question were likewise open to such a construction, it, too, might be held erroneous. From a careful reading of the instruction given in this case, it will be seen that the court told the jury that the plaintiff "must prove the negligence alleged in the complaint by a preponderance of the evidence." This statement is immediately followed by the italicized and criticised portion, which refers to the weight of the evidence, and that the plaintiff cannot recover if the evidence is equally balanced. This refers to the quantum of proof necessary to sustain the allegations of negligence contained in the complaint, and nothing else. True, the trial court, in the last line of the instructions, speaks of "issues" in the plural; but from what the court had said before, and in view

of the other instructions, the instruction in question, when fairly considered, is not open to the construction that the plaintiff must fail if the evidence with respect to the issue of contributory negligence is equally balanced. While the wording of the instruction is not to be commended as a model, yet we think that the appellant was not prejudiced in any substantial right, and hence the giving of the instruction was not erroneous.

The next assignment relates to instruction No. 5, which, so far as material here, reads as follows: "You are instructed that a person riding a bicycle upon a street of Salt Lake City, *being at a greater disadvantage with respect to obstructions than a traveler by team or machine,* should use a degree of care equal to the risk, to wit, ordinary care as defined in these instructions, and as a matter of ordinary caution and prudence *should observe the path or way being traveled, with a view to detect and avoid, if possible, any obstructions that would make it unsafe for a bicycle rider."* (Italics ours.) The appellant, while excepting to the instruction as a whole, also especially excepted to those portions which we have italicized. It will be observed that in the introductory part of this instruction it is, in effect, assumed by the court that a traveler on a street while riding a bicycle is under all circumstances "at a greater disadvantage" with regard to obstructions than travelers "by team or machine." No doubt the jurors may always apply their general knowledge and experience to the facts in a particular case. They may thus consider the vehicle used by the traveler, if any, and what its peculiar natural characteristics are, and, in this connection, they may consider whether, by reason of the operation of the physical forces or natural laws, a traveler on one kind of a vehicle may be more readily affected by those forces than another on a different kind of a vehicle, but we cannot see how any court can say as a matter of law that a traveler on a bicycle under all circumstances is "at a greater disadvantage" in traveling on a street than other travelers are who are using

different kinds of vehicles. The question whether a bicycle rider or any other person who is injured while passing along a public street has exercised the degree of care required of him by law in view of all the circumstances should ordinarily be left to the jurors. It is for them to say whether in the light of all the circumstances the traveler was or was not "at a greater disadvantage," and, for that reason, should have exercised more care than he did. Moreover, it is always dangerous for a court to assume facts, and it should not do so unless the facts are either undisputed or belong to the class where a court is bound to judicially notice and declare them. We remark that if the instruction were not objectionable otherwise, and the case had in all other respects been fairly submitted to the jury, we might not be inclined to reverse the judgment upon the ground alone which we have just discussed. What follows in this instruction, however, cannot be considered otherwise than prejudicial to appellant's legal rights. The direction to the jury that it was appellant's duty "to detect and avoid, if possible, any obstructions that would make it unsafe for a bicycle rider," imposed a greater duty on him than the law requires. It is no doubt the duty of the traveler on a public street to make use of his senses with a view to avoiding injury, and to that end to exercise ordinary care for his own safety. We know of no rule of law by which the traveler is required to anticipate and thus to keep a special lookout for defects or obstructions in a public street. Every one using a public street has a right to assume, and to act on the assumption, that the streets, to the extent that they are open for travel, are in a reasonably safe condition for that purpose. In the case of *Pettengill v. City of Yonkers,* 116 N. Y., at page 564, 22 N. E., at page 1096 (15 Am. St. Rep. 422), the New York Court of Appeals, speaking through Mr. Justice Brown, states the law upon the subject now under consideration in the following words:

"A person using a public street has no reason to apprehend danger, and is not required to be vigilant to discover dangerous obstructions, but he may walk or drive in the daytime or nighttime, relying upon the assumption that the corporation whose duty it is to keep the streets in a safe condition for travel have performed that duty, and that he is exposed to no danger from its neglect."

By the foregoing it is not meant that the traveler is not required to look for and avoid defects or obstructions in the street. What is meant is that he need exercise ordinary care only to detect and avoid obstructions or defects that are obvious, and that may and ought to be detected, and hence avoided by the exercise of ordinary care when considered in the light of the law as stated in the foregoing quotation. The difference with respect to the duty which is cast on the officers of a city in whose charge the public streets are placed and that of a traveler on them in detecting obstructions or defects therein is admirably stated by Mr. Justice Bleckley in the case of *Wilson v. Atlanta,* 63 Ga. 294, where the rule is stated in the following language: "The duty of maintaining a street in a fit condition for safe use, though limited to ordinary diligence in those on whom that duty is cast, involves a very different measure of vigilance in foreseeing danger from that which a passenger is bound to exercise." It is accordingly held that the degree of vigilance to discover and remedy defects in streets is greater on the part of servants of the city than is imposed on the traveler to discover and avoid them. Yet it is held, and such, no doubt, is the law, that the traveler must avoid defects that are obvious and apparent, and, if he fails in this duty, he may be guilty of contributory negligence. The question, therefore, is ordinarily one of fact to be determined by the jury in the light of all the facts and circumstances.

Appellant also complains of instruction No. 6, in which the court, in effect, told the jury that the city owed no greater duty to one riding a bicycle to "maintain its streets in a reasonably safe condition for travel thereon than to a person riding or driving a horse." Appellant insists that

this, in effect, was a discrimination against the bicycle rider. We do not so construe the instruction. True, the court should not make comparisons as between travelers. The true test for the court to follow is that it is the duty of the city to exercise ordinary vigilance and care to detect defects in its streets and to exercise ordinary care and reasonable diligence to remove them, and to exercise the same care to maintain its streets to the extent that they have been opened for travel in a reasonably safe condition for ordinary use and travel. The streets are intended for such use, and, if they are placed and maintained in a reasonably safe condition for that purpose, the city has discharged its full duty, regardless of whether the streets are used by one kind of a vehicle or another, or whether used by one who walks or one who rides a horse.

For the foregoing reasons, the judgment must be, and it accordingly is, reversed; and the case is remanded to the district court, with directions to grant a new trial, appellant to recover costs.

STRAUP, C. J., and McCARTY, J., concur.