## EMELLE v. SALT LAKE CITY.

No. 3288. Decided April 21, 1919. (181 Pac. 266.)

1. APPEAL AND ERROR—EXCEPTION—REVIEW—RECORD. Where the bill of exceptions did not contain the evidence and the parties on appeal relied upon a stipulation that there was evidence tending to prove the allegations of the complaint, and evidence tending to prove the allegations of the answer, every intendment must be presumed in favor of the judgment; and, if it be contended that there was no evidence to support an instruction, etc., such contention cannot be considered if the matter be within the issues. (Page 369.)

Appeal from Third District.

2. MUNICIPAL CORPORATIONS — STREETS — OBSTRUCTIONS — INJURY TO BICYCLIST—INSTRUCTIONS. In an action for injuries received by a bicyclist, who fell when her machine struck an obstruction in the street, an instruction that the city was not an insurer of the safety of its streets, and was required to use nothing more than reasonable care to keep the same in a safe condition, *held* not open to objection.[1]    (Page 372.)

3. MUNICIPAL CORPORATIONS—STREETS—DUTY OF CORPORATION. A municipality is not bound in the care and construction of its streets to make special provision for bicycles. (Page 372.)

4. APPEAL AND ERROR—HARMLESS ERROR—INSTRUCTION. An instruction, in an action by a bicyclist against a city, that a gutter was not a part of the street prepared for travel, if error, must be disregarded under Comp. Laws 1917, sections 6622, 6968, where the cyclist averred that she was riding on the asphalt part of pavement at time of accident.    (Page 373.)

5. APPEAL AND ERROR—REVIEW—INSTRUCTIONS. Where the record on appeal by a bicyclist, injured while riding on a city street, did not contain the evidence or the substance thereof, error cannot be predicated on an instruction that the gutter was not part of the street. (Page 373.)

6. TRIAL—INSTRUCTIONS—REFUSAL. The refusal of a requested instruction covered by those given is not error. (Page 373.)

7. TRIAL—INSTRUCTIONS—REFUSAL. In an action by a bicyclist injured when her machine struck an obstruction in a street, refusal of requested instruction that, where the city had opened whole street and an obstruction existed therein to its knowledge, it was duty of city to place lights or warning signals thereon at night, or to put up barriers, *held* proper, in view of an instruction as to duty of city which was given. (Page 373.)

8. TRIAL—INSTRUCTION. In an action by a bicyclist injured while riding at night on a street, a requested instruction, which contained a correct abstract statement of the law as to the duty of travelers to apprehend danger, *held* properly refused. (Page 376.)

9. MUNICIPAL CORPORATIONS—INSTRUCTIONS—REFUSAL. In an action by a bicyclist who was hurt when her machine struck an obstruction in the street, the refusal of an instruction, stating the rule promulgated by a city ordinance that bicyclist and slow-moving vehicles should keep close to the right-hand curb, *held*, not error, in view of the pleadings and evidence. (Page 377.)

---

[1] Citing *Bills* v. *Salt Lake City*, 37 Utah, 507, 109 Pac. 745; *Morris* v. *Salt Lake City*, 35 Utah, 487, 101 Pac. 373; *Scott* v. *Provo City*, 14 Utah, 31, 45 Pac. 1005.

Appeal from District Court, Third District, Salt Lake County; *Wm. H. Bramel,* Judge.

. Action by Marguerite Emelle against Salt Lake City. From a judgment for defendant, plaintiff appeals.

AFFIRMED.

*Geo. G. Armstrong* and *W. E. Rydalch,* both of Salt Lake City, for appellant.

*Wm. H. Folland,* City Atty., and *H. H. Smith* and *W. W. Little,* Asst. City Attys., all of Salt Lake City for respondent.

APPELLANT'S POINTS.

By a long line of decisions it has been held that where the evidence is not brought up in the record, the court cannot determine any question depending on the construction of the evidence. *Morgan* v. *Bankers Trust Company,* 115 Pac. 1047; 2nd Dec. Dig. Ap. & Er., section 671 (3); 2nd Dec. Dig. Ap. & Er., section 701, 4 C. J. 769, section 2712. And it will not be presumed that the trial court erred when it refused to give a requested instruction. *Ayer* v. *Moon,* 59 Ore. 599, 17 Pac. 991; *Giles* v. *Ternes,* 143 Pac. 491, 93 Kan. 140; *State* v. *Riley,* 41 Utah, 225, 230; 126 Pac. 294; *Rio G. W. R. Co.* v. *Utah Nursery Co.,* 25 Utah, 187, 192; 70 P. 859; *Fazio* v. *Construction Co.,* 134 Pac. 747, 43 Utah 120, 125; *Massuco* v. *Tomasi,* 67 Atl. 551, 80 Vt. 186; *Ely* v. *Holloway,* 147 Pac. 1128; *Jolley* v. *Dunlap,* 34 S. D. 213, 147 N. W. 980; *Altaville* v. *Old Colony Street Railway Company,* 222 Mass. 322, 110 N. E. 970; *Mortensen* v. *Wagner,* 145 N. W. 984, 95 Neb. 458.

That the verdict will not be disturbed if there is any substantial evidence to support it was held to be elementary in many of the following cases:

*Grosteit* v. *Miller,* 48 Utah 511, 160 P. 769; *McFarlane* v. *Winters,* 47 Utah 598, 601; *Tremelling* v. *S. P. Co.,* 170 Pac. 170; *Livestock* v. *Livestock Co.,* 43 Utah 554, 564; *Wrathall*

v. *Miller,* 169 Pac. 946; *Brown* v. *Salt Lake City,* 33 Utah 222, 93 Pac. 570; *Robinson* v. *Salt Lake City,* 37 Utah 527, 109 P. 817; *Gaines* v. *Ogden R. T. Co.,* 44 Utah 512, 141 Pac. 110; *James* v. *Robertson,* 39 Utah 414, 117 Pac. 1068; *Shugren* v. *Salt Lake City,* 48 Utah 320, 328, 159 Pac. 530.

The verdict of the jury is conclusive and cannot be disturbed though against the great weight of the evidence. *Mc-Farlane* v. *Winters,* 47 Utah 598, 155 Pac. 437; *Ewell* v. *Joe Bowers Mining Co.,* 23 Utah 192, 64 Pac. 367; 4 C. J. 851, Note C.; *Bowman* v. *Ogden City,* 33 Utah 196, 209; *Brown* v. *Salt Lake City,* 33 Utah 242; *Needer* v. *Jennings et al.,* 28 Utah 271; 4 C. J. 771, section 2715, Note 61; Id. 774, section 2719, Note 9; *Bruce* v. *Foley,* 18 Wash. 96, 50 Pac. 935; *Smith* v. *Glenn,* 40 Wash. 262, 82 Pac. 605; *Morgan* v. *Bankers Trust Company,* 115 Pac. 1048, 63 Wash. 476; *Copley* v. *U. P.,* 26 U. 361, 73 Pac. 517; *Clark* v. *Ducheneau,* 26 U. 97, 72 Pac. 331.

That the city is not an insurer of the safety of its streets was held in the authorities hereafter cited, which are referred to merely as illustrative rather than exhaustive of the numerous cases: Dillon, Mun. Corp., 5th Ed., section 1019, p. 2997; Elliott, Roads and Streets, 3d Ed., section 793 and cases cited; Shearman & Redfield on Negligence, 5th Ed., section 367, where it is said the city "does not warrant their absolute or even their reasonable safety."; *Hunt* v. *New York;* 109 N. Y. 134, 16 N. E. 320, 323; *Canavan* v. *Oil City,* 183 Pa. 611, 38 Atl. 1096; *Morris* v. *Salt Lake City,* 35 Utah 474, 487, Syl. 8; *Scott* v. *Provo City,* 14 Utah 31, which holds the person using a street to the exercise of reasonable care; *Hunt* v. *New York,* 109 N. Y. 134, 16 N. E. 320, 323 and cases cited, where the court said the language of the cases "has not always been carefully guarded." *Smith* v. *City of Rexburg,* 132 P. 1153.

Error in instructing on an issue not in the case is not ground for reversal in the absence of a statement of facts to show that appellant was injured thereby. *Houston & T. C. R. Co.* v. *Loofs,* 160 S. W. 300; *Jackson* v. *So. Ry. Co.,* 73 S. C. 557, 54 S. E. 231; *McCain* v. *Camden W. L. & I. Co.,* 89 S. C. 378, 71 S. E. 949.

The following cases show that as a matter of law the instruction was correct: Elliott, Roads and Streets, section 1131; *Richardson* v. *Danvers,* 176 Mass. 413, 50 L. R. A. 127, 57 N. E. 688; *Rust* v. *Essex,* 182 Mass. 313, 65 N. E. 397; *Fox* v. *Clarke,* 65 L. R. A. 234, 25 R. I. 415; *Sutphen* v. *N. Hempstead,* 30 N. Y. S. 128, 47 L. R. A. 299, Note; *Leslie* v. *Grand Rapids,* 78 N. W. 885, 120 Mich. 28; *Doherty* v. *Ayer,* 197 Mass. 241, 83 N. E. 677, 125 A. S. R. 355, 14 L. R. A. N. S. 816.

If the jury found the plaintiff wanting in the exercise of ordinary care, the width of the street would be of no consequence. If plaintiff claimed nothing on the ground of sufficient width, the jury could not have been misled. Not being pleaded, the question of liability on this ground could not be considered by the jury. *Herndon* v. *Salt Lake City,* 34 Utah 65, 85; *Macomber* v. *Taunton,* 100 Mass. 255, 257; *City of Wellington* v. *Gregson,* 31 Kan. 99, 1 Pac. 253, 47 A. R. 482; *Teague* v. *Bloomington,* 40 Ind. App. 68, 81 N. E. 103; *Williams* v. *San Francisco & N. W. R. Co.,* 93 Pac. 122; *McArthur* v. *Saginaw,* 58 Mich. 357, 25 N. W. 313; 2 Dillon Mun. Corp., 5 Ed., section 1077; Elliott, Roads and Streets, section 800; *Ward* v. *Salt Lake City,* 46 Utah 623, 151 P. 905; *Guthrie* v. *Swan,* 51 Pac. 562, 5 Okla. 779; *Chase* v. *Seattle,* 141 Pac. 180, 80 Wash. 61; *Perry* v. *Cedar Rapids,* 87 Iowa 315, 54 N. W. 225; *Combs* v. *Kirksville,* 134 Mo. App. 645, 114 W. 1153.

We have heretofore reserved for full discussion the question as to the right of the city to set aside various parts of the streets for the different public easements which may be enjoyed therein, and we refer to the following illustrative cases and assert that they sustain the instructions of the court, particularly Nos. 10, 10½, and 14: *Macomber* v. *City of Taunton,* 100 Mass. 255, 257; *Ring* v. *Cohoes,* 77 N. Y. 83, 35 A. R. 574; *Dougherty* v. *Village of Horseheads,* 159 N. Y. 154, 53 N. E. 799, 801; *Dubois* v. *Kingston,* 102 N. Y. 219, 55 A. R. 804, 6 N. E. 273; *Vincennes* v. *Spees,* 35 Ind. App. 389, 74 N. E. 277; *Wellington* v. *Gregson,* 31 Kan. 99, 1 Pac. 253, 47 A. R. 482; *Teague* v. *Bloomington,* 40 Ind. App. 68, 81 N. E. 103;

*McDonald* v. *St. Paul*, 82 Minn. 308, 83 A. S. R. 428, 84 N. W.
1022; *Robert* v. *Powell*, 168 N. Y. 414, 85 A. S. R. 673, 55 L.
R. A. 775, 61 N. E. 699; *Smith* v. *Rexburg*, 132 Pac. 1154;
*Cincinnati* v. *Fleischer*, 63 O. S. 229, 58 N. E. 568; *Wolff* v. *D.
C.*, 21 App. D. C. 269, 69 L. R. A. 83; *Keen* v. *City of Mitchell*,
157 N. W. 1049; *Short* v. *City of Carbondale*, 249 Pa. 564, 95
Atl. 254; *Loberg* v. *Amherst*, 87 Wis. 634, 58 N. W. 1048, 41
A. S. R. 69; *Canavan* v. *Oil City*, 183 Pa. 611, 38 Atl. 1096;
*Raymond* v. *Lowell*, 60 Mass. 524, 53 A. D. 577; *City of Vin-
cennes* v. *Thuis*, 63 N. E. 315.

RESPONDENT'S POINTS.

We maintain that the City is required by the use of reason-
able diligence and vigilance to *ascertain* if the streets are out
of repair, that they are required to hunt for any defect. or
obstruction and to see to it that the streets are kept in a
reasonably safe condition. *Herndon* v. *Salt Lake City*, 34
Utah 76-79; *Morris* v. *Salt Lake City*, 35 Utah 474-487; *Pet-
tengill* v. *City of Yonkers*, 29 N. E. 1096; *McKinn* v. *Phila-
delphia*, 19 L. R. A., N. S. 525; *Valpariso* v. *Chester*, 96 N. E.
768; *Bills* v. *Salt Lake City*, 37 Utah 513; *Kent* v. *O. L. & I.
Ry. Co.*, 167 Pac. 666; *Grayson* v. *Damme Estate*, 158 Pac.
387.

The trial Court ignores the ordinance of Salt Lake City,
above referred. to, and makes no qualifications or limitations
as to what excuses a person for failure to observe a defect.
*Herndon* v. *Salt Lake City*, 34 Utah 81; *Davidson* v. *Tel. Co.*,
34 Utah 249; *Burdett* v. *Winchester*, 91 N. E. 880; *Howard*
v. *Osage City*, 132 Pac. 188-9; *Valpariso* v. *Chester*, 93 N. E.
768; 1 Thompson on Neg. 427, page 411; *Nilson* v. *Kalispell*,
132 Pac. 1133; *McCabe* v. *Butte*, 125 Pac. 133.

And complacently ignores the decision in *Bills* v. *Salt Lake
City*, 37 Utah 513. This instruction entirely overlooks the
element of a movable obstruction, which may be in a different
place at different times.

We asked for an instruction as to the duty of the City to
protect and warn travelers against defects or obstructions,

but the Court entirely refused to instruct on this subject, and the plaintiff was prejudiced thereby. *Morris* v. *Salt Lake City*, 35 Utah 474; *Bills* v. *Salt Lake City*, 37 Utah 515; *Sweet* v. *Salt Lake City*, 43 Utah 324; *McKim* v. *Philadelphia*, 19 L. R. A. (N. S.) 525; *Elam* v. *Sterling*, 20 L. R. A. (N. S.) 518-519-520-521-522.

THURMAN, J.

Plaintiff brought this action to recover damages for an injury received by her while riding a bicycle on one of the streets of defendant city. The injury occurred on the night of June 8, 1917, on what is known as State street, and as the complaint of the plaintiff and answer of defendant are of especial importance for reasons that will hereafter appear, we deem it necessary to set them out with more than ordinary fullness.

The complaint, in substance, alleges that State street, at the point in controversy, at all times mentioned, was open and improved to its full width by the defendant, and by defendant was paved, curbed, and guttered; that on the night in question and for a long time prior thereto defendant carelessly and negligently maintained and permitted to remain upon said paved, curbed, and guttered part of said street a certain wooden automobile approach at the point where the injury occurred, which approach extended from and beyond the curbed, guttered, and paved part of said street; that said approach was made of 2x6 stringers, with planks 2x6 and 2x8 and 9 feet in length running crosswise of said stringers; that the same was weatherbeaten and of a gray color, and when in place it extended from the top of the curb over the gutter and onto the paved part of the street in a sloping or wedge shape; that it was so constructed that it became loose and moved out onto the paved part of said street, which defendant knew, or ought to have known; that the existence of said automobile approach was known to the defendant and its agents, or in the exercise of ordinary care should have been known to them, as it had been maintained at said point for a long

time, at least one year, before the injury complained of. Upon information and belief plaintiff alleges that the existence of the approach at said point and the condition above referred to was known to the supervisor of streets of defendant city for many months before the accident, and that he carelessly and negligently consented to and carelessly and negligently authorized the maintenance of said approach for several months prior to the time of the accident; that on the date of the injury, at about 9:30 p. m., plaintiff was riding on said street, on the east side thereof, on her bicycle, on her way from the southern part of said city to her residence; that while out in the street and upon the asphalt pavement she suddenly, without fault on her part, ran against the said automobile approach, which was then, owing to the negligence and carelessness of defendant, lying on said street, with only one corner of said approach upon the curb; that there were no street lights at or near said place, and no warning lights or barriers at or near said obstruction to warn plaintiff of the condition; that it was the duty of the defendant to exercise reasonable care to maintain its improved streets in a reasonably safe condition and to guard against injury to persons and property by removing or making reasonably safe any obstructions or dangerous objects in the street, and that it was the duty of said defendant to exercise reasonable diligence to discover and remove such obstruction as existed at the said time and place, and to make said street reasonable safe for travel of all kinds at all hours; that notwithstanding its duty as aforesaid defendant negligently and carelessly permitted said obstruction to be placed and maintained upon said street, and left without light or barriers to warn plaintiff and others, as above stated; that plaintiff, without fault on her part, ran against said obstruction, as before stated, with great force and violence, whereby she was thrown from her bicycle upon the pavement and upon said obstruction, causing her the injury complained of. Plaintiff then alleges that she filed with the city commissioners of Salt Lake City her written claim against said city, signed by her and properly verified, describing the cause and circumstances of her injury; that at all times mentioned there

were in force certain ordinances of said city which will be referred to hereafter as occasion may require.

Defendant, answering, admitted its corporate capacity, and that the street at the place in controversy was open and improved to its full width, and that the same was paved, curbed, and guttered by and under the authority of the city. It denies the remaining allegations of the complaint, except that it admits that plaintiff presented to the board of commissioners of defendant city a claim in writing, setting forth certain particulars of an accident alleged to have occurred to plaintiff, and that the said commissioners rejected and disallowed said claim. Further answering, defendant denied each and every allegation of the complaint except as specifically admitted, qualified, or denied, and as a separate defense further answered as follows:

"That at the time of the alleged injury to the plaintiff, and at and near the place of the alleged accident, State street was well lighted by street arc lights, which were then burning and giving light sufficient to light up objects in and upon the paved streets and all parts thereof; that at the time of said alleged accident and injury said street was free from any objects or traffic which would interfere with the vision of the plaintiff as she proceeded northward on the east side of said street, and that the view of plaintiff in the direction in which she was going was unobstructed, and that by the exercise of ordinary care and prudence the plaintiff could have seen the said automobile bridge or driveway in time to have avoided the same; that at the time of the alleged accident and injury plaintiff was riding her bicycle upon and along said street without a light; that if the plaintiff met with an accident as alleged in said complaint, or suffered any injuries at the time and place in the manner alleged, and sustained damages thereby, as alleged, the said accident and the said injuries and the said damages were caused in whole or in part, or were contributed by the negligence and want of care on the part of the said plaintiff, in failing to use ordinary care and prudence in riding her bicycle upon the said street, in failing to use ordinary care and prudence in avoiding a condition which she could have discovered and avoided in the exercise of ordinary care and prudence, and by the failure of the plaintiff to carry a light upon her bicycle, and in riding the same at such time and place without a light, and not by any negligence or default or want of care on the part of the defendant."

A trial of the case to a jury resulted in a verdict for the

defendant, no cause of action. From the judgment entered thereon plaintiff appeals.

Exceptions were taken to certain instructions to the jury, and refusals to instruct as requested by plaintiff. The rulings of the court in regard to these matters are assigned as error, and relied on to reverse the judgment.

The bill of exceptions does not contain the evidence submitted to the jury, but it does contain the following statement relating thereto:

"During the trial of said case plaintiff offered, and there was received, evidence tending to prove all the allegations in plaintiff's complaint, and defendant offered, and there was received, evidence tending to prove all the allegations of defendant's answer, and in contradiction of the testimony offered by the plaintiff. At the conclusion of the evidence, there was evidence before the jury tending to show negligence of the defendant as alleged, and evidence tending to show negligence of the plaintiff as alleged, and there was also evidence tending to show that the defendant was not negligent, and that the plaintiff was guilty of contributory negligence that proximately contributed to her injury, and also that the plaintiff was not guilty of contributory negligence that proximately contributed to her injury, and different inferences of fact might have been drawn from said evidence, both with respect to the negligence of the defendant and as to the contributory negligence of the plaintiff."

We remark in the beginning that where the evidence or the substance of it does not appear in the bill of exceptions, but the parties rely solely upon a stipulation such as that above quoted, exceptions which otherwise might be available to appellant are rendered unavailable because of certain fundamental rules of practice with which every practicing lawyer is more or less familiar. Every intendment must be presumed in favor of the judgment. If it be contended that a certain instruction was wrong because there was no evidence upon which to base it, such contention cannot be considered, if the matter is within the issues, because it is stipulated that there was evidence to support every issue presented. If it be contended that the court misdirected the jury as to matter of law, such contention cannot be considered if upon any theory of the case within the issues made the instruction could have been right or for any reason nonpre-

judicial. We call attention to these matters at this stage of our remarks for the reason that after a careful examination of the exceptions relied on we are of the opinion that many of them must be summarily disposed of because of the impos-sibility of considering them for the reasons above stated. What we have stated with respect to instructions complained of applies with equal force to instructions requested and re-fused, where the same or analogous conditions exist. Other difficulties in the way of considering certain exceptions on their merits without having the evidence before us will be referred to later in connection with the subjects to which they relate.

Appellant assigns as error certain language in the court's instruction No. 9. We have italicized the language to which exception was taken:

*"The city is not an insurer of the safety of its streets. It is re-quired to use nothing more than reasonable care to keep its streets in a reasonably safe condition, by night as well as by day, for per-sons traveling thereon and exercising reasonable care and prudence in so traveling.* A pedestrian or bicyclist or other traveler in travel-ing upon a public street in the city has the right to assume that the city has performed its duty in regard to making the streets reasonably safe, but this does not excuse such traveler from exercising reasonable care in his own behalf. *The city is not bound to make any special provisions for bicyclists, and no liability is to attach to it because no part of the street was specially adapted to bicycle travel. Nor is any liability to be charged against the city in this case because the street was not of sufficient width."*

The objection to the first part of the instruction is that it carries the idea that the city is only required to use the same degree of care that is imposed upon the traveler who uses the street, whereas, as appellant contends, a greater degree of care is required of the city. The case of *Bills* v. *Salt Lake City,* 37 Utah, 507, 109 Pac. 745, is relied on in support of this contention. The injury in that case was caused by the plaintiff being thrown from his bicycle by reason of an exca-vation which it was alleged the city negligently permitted to be and remain in the street. The trial court instructed the jury that a person riding a bicycle upon the street, as a matter of ordinary caution and prudence, *should observe the path or*

*way being traveled, with a view to detect, and avoid, if pos-
sible, any obstruction that would make it unsafe for a bicycle
rider.* The language italicized was especially excepted to by
plaintiff, and this court held that the exception was well taken.
The opinion cites the case of *Wilson* v. *Atlanta*, 63 Ga. 294,
and quotes therefrom the following language:

"The duty of maintaining a street in a fit condition for safe use,
though limited to ordinary diligence in those on whom that duty is
cast, involves a very different measure of vigilance in foreseeing
danger from that which a passenger is bound to exercise."

The opinion in the *Bills Case* then proceeds:

"It is accordingly held that the degree of vigilance to discover
and remedy defects in streets is greater on the part of servants of
the city than is imposed on the traveler to discover and avoid them.
Yet it is held, and such, no doubt, is the law, that the traveler
must avoid defects that are obvious and apparent, and, if he fails
in this duty, he may be guilty of contributory negligence."

In construing the opinion of a court we should never lose
sight of the particular facts to which the opinion relates. No
matter how general and comprehensive may be the language
used to express the thought, the facts of the particular case
must be borne in mind. In the *Bills Case* the injury was
caused by an excavation in the street, a defect which might
not be observed by a traveler on the street even in the exer-
cise of ordinary care. As defects of this kind are usually
caused by the city itself in making improvements, or per-
mitted by the city to be made by others for temporary pur-
poses, we see no reason why a higher degree of vigilance
might not be required of the city to safeguard and protect the
public against danger resulting therefrom than is required of
a traveler on the street to observe and avoid such dangers.
While, therefore, we are of the opinion that the doctrine an-
nounced in the *Bills Case* is right as applied to the facts of
that particular case, we see no reason for holding that the
doctrine there enunciated should be applied to the facts in
the instant case. Here the thing that caused the injury was
not a defect in the street such as an excavation or something
below the surface and difficult to see until perhaps too late
to avoid it, but it was an obstruction superimposed upon the

surface—something just as observable to the traveler in the exercise of ordinary care as it would be to the superintendent of streets or other servants of the city. Besides, it is claimed the obstruction was not in its usual place, but was protruding into the paved portion of the street, which, if true, must have been a temporary condition only, and was not caused by the city itself or knowingly permitted. It will be noted also that the language complained of does not declare that the degree of care required of defendant to keep its streets in safe condition and that required of plaintiff to avoid the danger are equal and coextensive; and yet appellant argues the question just the same as if such had been the meaning of the language used. The court in the *Bills Case* laid down what it saw fit to announce as the true test. At page 515 of 37 Utah, at page 747 of 109 Pac., it says:

"The true test for the court to follow is that it is the duty of the city to exercise ordinary diligence and care to detect defects in its streets and to exercise ordinary care and reasonable diligence to remove them, and to exercise the same care to maintain its streets to the extent that they have been opened for travel in a reasonably safe condition for ordinary use and travel."

Measured by this test, the language complained of was not error. See, also, cases cited by respondent. *Morris* v. *Salt Lake City*, 35 Utah, 487, 101 Pac. 373; *Scott* v. *Provo City*, 14 Utah, 31, 45 Pac. 1005. Respondent also cites the following authorities to the point that the city is not an insurer of the safety of its streets: Dillon, Mun. Corp. (5th Ed.) section 1019; Shearman & Redfield, Negligence (5th Ed.) section 367; Elliott, Roads and Streets (3d Ed.) section 793. We apprehend, however, that this doctrine is not seriously questioned. We know of no authority to the contrary.

Appellant also complains of the language used by the court in the latter part of the same instruction, to the effect that the city was not bound to make special provision for bicycles. In view of the fact that appellant's counsel when preparing their brief had the *Bills Case* before them, it is a little surprising that they overlooked that part of the opinion which decided a question exactly similar in principle,

and decided it against the contention they now make.  There was no error in the instruction complained of.

Appellant also complains of certain language in the court's instruction No. 10.  The entire instruction, with the part complained of italicized, reads as follows:

"It is admitted herein that said State street was at all times involved in this action a street of Salt Lake City, and at the place in question was paved, curbed, and guttered and opened and improved to its full width.

"It is and was the duty of the city to use reasonable care to keep said street at said place over its whole width, including those parts upon which some travel might reasonably be expected to take place, in a reasonably safe condition for public travel of all kinds, including travel by bicycle, as well as travel by other methods, in ordinary use. *But here let it be understood that the gutter or depression in the street immediately next to the curbing · is not a part of the street prepared for travel, nor is it a part of the street upon or along which much travel is expected to take place.  The gutter was made primarily for drainage purposes, and not for travel.  The portion of the street prepared and primarily intended for travel includes the asphalt pavement from gutter to gutter.*  Notwithstanding these facts, if you find from a preponderance of the evidence that the gutter was so constructed, and that its position and nature was such that travel by bicycle would take place thereon practically as well as on the asphalt, you cannot find the plaintiff guilty of contributory negligence, or guilty of lack of proper care, solely because she rode very close to or even in said gutter, if you find that at the time of the accident she was riding in said gutter."

It is not within the power of the court, under the stipulation heretofore quoted, to determine on its merits the question presented by this exception.  For aught we know the uncontradicted evidence may have disclosed the facts upon which the court based its instruction.  It may have been conclusively proven or even conceded that primarily travel on the street was limited to the asphalt pavement from gutter to gutter, just as the court instructed the jury, or the evidence may have disclosed that the sides of the gutter were perpendicular and not sloping, or that the slope or contour of the gutter was such as to render travel therein impracticable, if not impossible.  If such were the case, the language complained of was not error.  But, aside from this view . of the question, appellant's contention was, and she stated her

**4, 5**

cause of action upon that theory, that when the accident occurred she was riding on the asphalt pavement, and not in the gutter. It is therefore impossible to conceive how plaintiff could have been prejudiced by the language in question. Harmless errors must be disregarded. Comp. Laws Utah, 1917, sections 6662, 6968, and cases cited in the notes.

The latter part of the instruction, however, was certainly as favorable to plaintiff as she had any right to expect, and strongly tended to render harmless the part complained of, even if it was error.

The exceptions already considered by us present by far the most serious questions before us on this appeal as regards the instructions given by the court. Exceptions were taken to numerous other instructions, but the objections made are too technical and hypercritical for serious consideration. We do not feel justified in devoting time and space in according to them a special review. We do not intend by this to criticize appellant or her able counsel for bringing these questions before us for determination. Counsel in a case are ordinarily justified in taking slim chances and in relying upon what seem to them possible grounds for reversing or upholding a judgment, but it is nevertheless the duty of the court in such cases to discriminate between such questions as are entitled to receive extended consideration and those which should be summarily disposed of.

The remaining assignments of error relate to the refusal of certain requests. Exception is taken to the refusal of the court to instruct the jury as follows:

"You are instructed that the defendant city is required to use ordinary care to keep in a reasonably safe condition for passage and travel such parts of its streets as have been improved and open for travel, by night as well as by day, and if the city opens and undertakes to put the whole width of the street in condition for travel, as State street was at the point at which plaintiff alleges she was injured as set forth in her complaint in this action, and invites the public to use the whole width, then it is the duty of the city to exercise ordinary care so as to maintain the whole width of such street in a reasonably safe condition for travel thereon."

Again we are confronted with the utter impossibility of

considering the question on its merits, if it has any merits, for the reason that it is not alleged in the complaint or admitted in the answer that the whole of State street was improved or open *for travel,* nor have we any means of knowing whether there was any evidence in the case that would properly admit of such an instruction. Besides this, the **6, 7** subject-matter of the instruction requested, as far as it was material or proper under the issues made, was fully covered by instruction No. 8 and the first part of instruction No. 10 as given by the court. This exception should not prevail.

Exception is also taken to the refusal of the court to instruct the jury as follows:

"You are instructed that where the whole street is opened by the defendant city, and an obstruction exists therein to the knowledge of said city, which knowledge may be either actual or constructive, as explained in other instructions given to you by the court in this case, then the city is required, and it is the duty of the city, at night to place lights or warning signals, or to put up barriers, or to use some other reasonable method to point out the location of such obstruction in the traveled part of such street, so as to keep one from driving or riding over said obstruction."

The substance of this request was covered by the following instruction given by the court:

"You are instructed that it was the duty of Salt Lake City to keep State street at the place where plaintiff alleges that she was injured in a reasonably safe condition for travel by all kinds of vehicles, including bicycles, and in case of a defective condition in or dangerous obstruction on said street, it was its duty to exercise ordinary care and diligence, as in these instructions is more fully explained, to apprise the plaintiff and the public of such defect or dangerous condition by placing barriers or signals, or by some other efficient means to point out the danger."

There was no error in refusing this request.

Complaint is also made that the court erred in refusing plaintiff's request No. 4, offered in the following language:

"You are instructed that the plaintiff while using State street on the night of June 8, 1917, was not by law required to apprehend danger, and was not required to be vigilant to discover any dangerous obstruction therein, if you find that one existed, but she could ride thereon in the nighttime relying upon the assumption

that Salt Lake City, whose duty it was to keep said part of State street in a reasonably safe condition for travel, had performed that duty, and that she was exposed to no danger from its neglect, if you find there was neglect. You are further instructed that the foregoing does not mean that she was not required to look for and avoid defects in the street that were obvious, and that ought to have been detected, and hence avoided by her, by the use of ordinary care, but such use of ordinary care is limited by the law as hereinbefore stated to you."

The above request was evidently taken from a quotation used by this court in its opinion in the *Bills Case*, supra, 37 Utah, at page 514, 109 Pac. 745, as the language is almost identical. As an abstract proposition of law it is probably unimpeachable, but it does not follow as a matter of course, because one can find an abstract proposition of law correctly expressed in certain language, that, therefore the same language may be properly used in instructing a jury.        8 While it may be perfectly proper for an authority on criminal law to declare that "the flight of a prisoner raises a presumption of guilt," it would be fatal error, under our system to so charge the jury. An authority on roads and streets, or the duty of municipal corporations in respect thereto, might with propriety declare, as an abstract principle, that the failure of a city to erect barriers or place signals at a given point to warn travelers of a dangerous condition in the street is negligence for which, in case of injury caused thereby, the city would be liable, and yet an instruction to a jury, in a concrete case, using the same language, might and probably would be prejudicial error. Other illustrations will readily occur to the reader. We are of the opinion that when the court charged the jury, as it did in instruction No. 9, to the effect that a pedestrian or bicyclist or other traveler, in traveling upon a public street in the city, has the right to assume that the city has performed its duty in regard to making the street reasonably safe, it went as far in that direction as it was necessary to go in order to safeguard the rights of plaintiff.

Appellant's requests Nos. 5 and 6 are presented substantially in the language used by this court in the *Bills Case*, supra. The evident purpose was to apply the law of that case

to the facts in the present case, notwithstanding the facts are essentially different as heretofore pointed out. Besides this, the requests are subject to the criticism made to the request we have just considered. In following literally the language used by the court in stating an abstract principle of law and attempting to apply it to the concrete facts of a case by way of an instruction the jury is apt to be misled. The language used by a court in stating an abstract principle is not the impartial form of language that should be used in instructing a jury. The request was properly denied.

Finally, appellant complains that the court erred in refusing to instruct in relation to certain ordinances of the city relating to traffic and travel on the streets, one of which, in part, reads as follows:

"Every person driving a slow moving or heavily loaded vehicle and riders of bicycles shall keep close to the right-hand curb, allowing more swiftly moving vehicles to pass on the left."

This ordinance was pleaded by plaintiff and set forth in her complaint. In the same complaint she alleged that the accident occurred while she was riding on the asphalt pavement. It is difficult to see under these circumstances how the ordinance was of such special importance as to require it to be given as a separate instruction. It is not alleged in the complaint that there was any travel or traffic on the street at or near where the injury occurred at the time of the accident. It does not appear that appellant was compelled to ride close to the curb in order to permit other vehicles to pass on the left. If such had been the case, and because of such traffic and travel she had been compelled to ride as closely as possible to the curb, a case would be presented in which it might have become the duty of the court to instruct in respect to the ordinance. But no such case was presented. In fact, as before stated, the appellant's contention was that she was riding on the asphalt pavement when the injury occurred. The request, if given, would have been misleading. It was therefore properly refused.

We have now considered at some length the principal points upon which appellant relies to reverse the judgment. Those

not specially considered are unimportant. Some of the language used by the court in one or more of the instructions given might, with propriety, have been omitted, and thereby have afforded appellant less pretext for complaint. But the language referred to was not prejudicial error justifying a reversal of the judgment.

The verdict of the jury was sustained by the evidence. The jury had the right to find, and no doubt did find, that the street was well lighted at the point where the injury occurred; that there was no obstruction to the view of plaintiff; that the obstruction in her path was plainly visible; that there was no traffic or travel on the street at or near the point of the injury rendering it necessary for her to run against the obstruction which caused the injury.

Respondent has filed a most elaborate and comprehensive brief. Hundreds of authorities have been cited, most of which are in point, and many of them exceedingly illuminating. We have not deemed it necessary to refer to them to any considerable extent in the body of these remarks. Practically every question presented on this appeal is determinable on elementary principles. The reporter, however, in reporting the case will note the authorities relied on by each of the parties.

The judgment of the trial court is affirmed at appellant's costs.

CORFMAN, C. J., and FRICK, WEBER, and GIDEON, JJ., concur.