334 P.2d 555

**Emilie HUNT, Plaintiff and Respondent,**

v.

**TOOELE CITY, a municipal corporation, Defendant and Appellant.**

No. 8911.

Supreme Court of Utah.

Jan. 22, 1959.

Ralph W. Millburn, Tooele, Homer Holmgren, Salt Lake City, for appellant.

Gordon R. Hall, Tooele, John D. Rice, Salt Lake City, for respondent.

WADE, Justice.

This appeal is by Tooele City, a municipal corporation, from a judgment granted by the court sitting without a jury in favor of Emilie Hunt, plaintiff below, and respondent herein, for personal injuries sustained in a fall in the depressed portion of a sidewalk, curb and gutter.

Appellant does not claim the city was not negligent in its maintenance of the

sidewalk, curb and gutter [1] where respondent fell but contends that respondent's own negligence contributed towards her injuries, and the court as trier of the facts erred in finding that respondent was not negligent and that appellant's negligence was the sole cause of her injuries.

From the evidence it appears that about 9:30 a.m. on a clear morning on April 10, 1957, respondent, desiring to do some shopping, was driven by her daughter-in-law to Main Street in Tooele, Utah, where the car was parked at a 45 degree angle to the curb immediately west of where the Penney Store and the Allen Grocery Store adjoin. Respondent got out of the right side of the parked car and walked straight from the car to the sidewalk, then angled south to the grocery store where she did her shopping and emerged carrying two bags of groceries. On the way back she proceeded to the curb about five feet south of where her daughter-in-law's car was parked, and while watching to see where an oncoming car was going to be parked, at the same time she was observing where she was walking, she suddenly felt her left foot tip, and she fell into the gutter. When she turned herself around to see what caused her fall she saw the hole in the curbing into which she had stepped and which had caused her to lose her balance. The evidence disclosed that the break in the curbing was approximately 17 inches long, 7 inches deep, with the top part about 4 or 5 inches wide, and that there was a break in the gutter about 77 inches long, 10 inches wide and $3\frac{1}{2}$ inches deep. There was also testimony that these defects had been there for several years, and that the curb was broken straight down, and that cement had been poured into a hole which was there and which left cement extending over it and into the curb. From a picture introduced in evidence this cement filling gives an impression that the sidewalk is continuous and the depression in the curb is not as apparent as it would be had the cement not been poured and extended in that manner. The picture referred to in the dissent, with the camera focused from a different direction than the view respondent had of the defect just before the accident, makes that defect appear much more clear than it would from the direction from which she was approaching.

It is appellant's contention that because it was a bright, clear day and the hole was there to be seen respondent was guilty of contributory negligence which was the proximate cause of her injury in failing to see what could clearly be seen. We do not agree. In the absence of prior knowledge of the defect respondent had a

1. As to liability of city for such negligence see Sec. 10-7-77, U.C.A.1953; Niblock v. Salt Lake City, 100 Utah 573, 111 P. 2d 800 and Salt Lake City v. Schubach, 108 Utah 266, 159 P.2d 149, 160 A.L.R. 809.

right to assume and act on the assumption that the street was in a reasonably safe condition for travel.[2] As stated in Bills v. Salt Lake City, 37 Utah 507, on pages 513–514, 109 P. 745, on page 747:

"* * * It is no doubt the duty of the traveler on a public street to make use of his senses with a view to avoiding injury, and to that end to exercise ordinary care for his own safety. We know of no rule of law by which the traveler is required to anticipate and thus to keep a special lookout for defects or obstructions in a public street. Everyone using a public street has a right to assume, and to act on the assumption, that the streets, to the extent that they are open for travel, are in a reasonably safe condition for that purpose. In the case of Pettengill v. City of Yonkers, 116 N.Y. [558], at page 564, 22 N.E. [1095], at page 1096 (15 Am.St.Rep. 422), the New York Court of Appeals, speaking through Mr. Justice Brown, states the law upon the subject now under consideration in the following words: 'A person using a public street has no reason to apprehend danger, and is not required to be vigilant to discover dangerous obstructions, but he may walk or drive in the daytime or nighttime, relying upon the assumption that the corporation whose duty it is to keep the streets in a safe condition for travel have performed that duty, and that he is exposed to no danger from its neglect.' By the foregoing it is not meant that the traveler is not required to look for and avoid defects or obstructions in the street. What is meant is that he needs exercise ordinary care only to detect and avoid obstructions or defects that are obvious, and that may and ought to be detected, and hence avoided by the exercise of ordinary care when considered in the light of the law as stated in the foregoing quotation. * * *"

█ In the instant case the court as the trier of the facts could reasonably have found that respondent had no prior knowledge of the defect which caused her fall. That from the direction in which she approached the defect was not so apparent as to be readily detectable before she stepped into it if she were looking in the manner of a prudent person using ordinary care in traversing the street should look. When she did come to the point of the defect her attention was attracted by a car which was coming towards her to be parked, and under such circumstances she looked down as she was stepping from the curb but failed to see the hole. The court indicated before it gave its judgment that

2. McQuillen, Municipal Corporations, Sec. 54.120, pages 444–445.

from the evidence it had concluded that respondent could not see the hole, because when she looked down at the curb she was standing toward the side of it and it was partially obscured. Under such a state of facts it cannot be said as a matter of law that respondent was guilty of contributory negligence which was a proximate cause of the accident. Whether she was negligent was a question of fact to be determined by the fact-finder. The court as the finder of the facts found she was not negligent and the sole cause of the accident was appellant's negligence. The evidence was not such that all reasonable minds must say that a preponderance of it established that respondent was negligent and that such negligence contributed towards her injury.[3] Therefore the court did not err in failing to find respondent guilty of contributory negligence.

Affirmed. Costs to respondent.

CROCKETT, C. J., and WORTHEN and McDONOUGH, JJ., concur.

HENRIOD, Justice (dissenting).

I dissent since I am convinced that plaintiff's own testimony by which, of course, she is bound, established contributory negligence as a matter of law under the previous pronouncements of this court. Among other things she testified as follows:

"Q. Did these packages in any way obstruct your vision? A. No.

"Q. You were able to see as you walked? A. Yes.

"Q. Did you observe the sidewalk as you walked out to your car? A. Yes.

"Q. Did you look down to see where to put your foot? A. Yes.

"Q. Now, why didn't you see the hole? A. I just failed to see it.

"Q. You fell down into the street, and then looked back to see what you had fallen into, over, or what tripped you? A. That is right.

"Q. Did you see the hole then? A. Yes.

"Q. But you failed to see it when you approached the curb? A. I was looking to see where I was going to step.

"Q. You were looking down to see where you were going to put your foot? A. Yes.

"Q. And in looking down you didn't see a hole there? A. No.

"Q. But you were paying attention and observing as you walked? A. Yes.

"Q. And you didn't see the hole although you looked at the curb when it came time to step off of the curb? A. Yes."

The subjoined picture introduced *not by defendant but by the plaintiff herself,*

3. Coombs v. Perry, 2 Utah 2d 381, 275 P.2d 680.

328

makes it obvious that one who looked must have been able to see the hole and the attendant danger. Plaintiff admitted she looked but failed to see the obvious. In such cases we have held on a number of occasions that there can be no recovery because of contributory negligence in looking but failing to see the obvious, or in failing to look and observe that which was obvious had one looked.[1]

1. Johnson v. Syme, 1957, 6 Utah 2d 319, 313 P.2d 468; Coombs v. Perry, 1954, 2 Utah 2d 381, 275 P.2d 680; Smith v. Bennett, 1953, 1 Utah 2d 224, 265 P.2d 401; Cox v. Thompson, 1953, 123 Utah 81, 254 P.2d 1047; Mingus v. Olsson, 1949, 114 Utah 505, 201 P.2d 495.